## HORNER v. STOUT.

The object of the statute (Gen. Laws 122) is to prevent fraud and deception by precluding the mortgagor of personal property from holding himself out to the world as an unqualified owner. To this end he must either transfer the possession to the mortgagee, or give notice to the world of the lien by acknowledging and recording the mortgage as required by the statute.

### *Error to District Court of El Paso County.*

STOUT, the appellee, brought suit in attachment against Philip P. Gomer and Henry M. Foster, and levied upon a portable saw mill. The appellant Horner interpleaded, claiming the property under a chattel mortgage previously executed and delivered to him by Gomer. The chattel mortgage was not recorded until after the levy of the attachment, but the property when levied upon, was in the possession of Alva Gomer as the agent of the mortgagee. The cause was tried by the court, a jury being waived, and judgment rendered against Horner. To reverse that judgment, Horner prosecutes this writ of error.

Mr. J. W. HORNER, *pro se.*

Mr. J. C. HELM, for defendant in error.

Horner v. Stout.

ELBERT, C. J. There is no question about the *bona fides* of the transaction between Horner, the mortgagee, P. P. Gomer, the mortgagor, and Alva Gomer, the agent.

It was a plain business transaction, to which no circumstance of suspicion attaches. There was a loan by Horner to P. P. Gomer, and a chattel mortgage to secure it. While, by the terms of the mortgage, the chattels were to remain in the possession of the mortgagor, they were, in fact (owing to the necessity of removing the mill), delivered to Alva Gomer as the agent of the mortgagee. The transaction amounted to a mortgage of chattels, with possession of the chattels delivered to and remaining with the mortgagee, under the provisions of section 1 of the Chattel Mortgage Act. General Laws, 122.

That the agent was the lessee of the mill at the time of accepting the agency, does not affect the rights of the mortgagee. In agreeing with the mortgagee to take and hold the property as his agent, he subrogated his rights as lessee to those of the mortgagee, in so far as they should be in conflict. The possession being changed, and it being so agreed, there was no objection to the earnings of the mill going to the mortgagor.

The mortgagee took such immediate possession as the nature of the mortgaged chattels admitted, and this was all that was required.

The lease was executed only seven days prior to the chattel mortgage. Alva Gomer, the lessee, had never taken possession under it. A few days prior thereto he had taken possession on an order from P. P. Gomer as his agent, and then returned to Denver. Upon the execution of the chattel mortgage he immediately returned from Denver, where the transaction was had, to Custer county, where the mill was situated, and took possession as agent for Horner, and remained in possession until the levy of the attachment. His possession was open and exclusive. While there was no proclamation of his agency, he did not conceal it.

The object of the statute is to prevent fraud and deception by precluding a mortgagor of personal property from holding

himself out to the world as an unqualified owner.    To this end, he must either transfer the possession to the mortgagee, or give notice to the world of the lien by acknowledging and recording the mortgage, as required by the statute.    Herman—Chattel Mort.; see 92 *et seq.*

In this case the mortgagor was entirely removed from any possession of the mortgaged property, and did not pretend to exercise any ownership over it.    The mortgagee had a clear and unequivocal possession by his agent.

There was no circumstance of fraud, nor can we see any fact touching the nature of the mortgagee's possession calculated to mislead a man of ordinary prudence.

Under the evidence the judgment should have been for the plaintiff in error.    The judgment of the court below is reversed, and the cause remanded, with directions to assess the interpleading claimants' damages, and enter judgment in accordance with the views herein expressed.

*Reversed.*