## No. 8379.

### SILBERFELD v. SOLOMON, ET AL.

Decided December 6, 1920. Rehearing denied December 5, 1921.

Action for the conversion of property. Judgment for defendants.

### *Reversed.*

1.  PLEADING—*Defenses—Estoppel—Statutes.* Allegations of an answer, pleading estoppel and a statute of a foreign state, reviewed and held insufficient to constitute defenses.

2.  PERSONAL PROPERTY—*Sale—Pledge.* Authority to sell personal property, does not confer the right to pledge it.

3.  *Memorandum of Sale—Construed.* A memorandum of sale giving one the right "to sell as his," certain property, cannot be construed as conferring authority to deal with the goods as an owner.

4.  *Possession.* The bare possession of goods does not clothe a person with power to dispose of them as the owner.

5.  *Vendor and Vendee—Title.* The vendee of personal property takes it with the risk that his vendor may not have title.

6.  EVIDENCE—*Admissibility.* It is error to admit testimony over objection, which does not tend to prove, or has no bearing on the issue.

7.  INSTRUCTIONS—*Burden of Proof.* In an action for conversion of personal property, where the answer admitted title in the plaintiff in the first instance, it was error for the court to instruct

the jury, that the burden was upon plaintiff to establish by a fair preponderance of the evidence, that the pledgor, from whom defendant secured the property, was without authority to pledge it.

*Error to the District Court of the City and County of Denver, Hon. H. P. Burke, Judge.*

Mr. T. J. O'DONNELL, Mr. CANTON O'DONNELL, Mr. J. W. GRAHAM, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error, a diamond merchant of New York, brought suit against the defendants in error, pawnbrokers in Denver, to recover the value of certain diamonds alleged to have belonged to the plaintiff and to have been converted by the defendants to their own use and benefit. The defendants had judgment, and the case is before us on error.

Plaintiff's claim is that he delivered the diamonds in question to one Lester, a salesman of jewelry "on memorandum," that being a term used in the jewelry trade, covering a consignment of goods, on a written memorandum, to be sold, the consignee having possession of, but not title to the goods. That the diamonds were the property of plaintiff and were by him delivered to Lester, is not disputed.

Defendants by answer admitted possession of the diamonds, and set up, as a second defense, that plaintiff delivered the diamonds to Lester, whose duty it was to find purchasers for, sell and transfer such diamonds, said Lester agreeing to pay plaintiff therefor at certain agreed prices; That said Lester was permitted by said plaintiff to represent himself as the owner of such diamonds; and that said Lester did so represent himself in matters hereinafter

mentioned, to defendants; That said plaintiff was fully aware that said Lester was in the habit of so representing himself; That said Lester pawned to defendants certain diamonds which he had in his possession, and which he represented to defendants that he owned, to secure moneys loaned to said Lester aggregating $1,200.00.

A third defense sets out that there was a New York statute which provided that every factor or agent in possession of goods without documentary evidence of title should be deemed to be the owner thereof.

If the second defense was intended as a plea of estoppel by conduct, it is insufficient because it does not state that defendants knew or relied upon plaintiff's acquiescence in Lester's representations of ownership.

The plea of the New York statute is ineffective because it does not allege that Lester was without documentary evidence of title.

Even had the second defense contained the necessary allegations, it would not avail the defendants because there is no evidence that when they received the diamonds in pawn they knew of the practice charged. Indeed, defendant Solomon testified that he had no knowledge on the subject. They did know of the custom in the trade of consigning goods on memorandum, and they are presumed to have known that authority to sell does not give authority to pledge, because such is the law. *Morsch v. Lessig,* 45 Colo. 168, 100 Pac. 431.

There is no evidence upon which the jury could have found that the goods were in Lester's possession under any agreement other than that evidenced by the memoranda. Much is said in the briefs of the statement which Solomon testified was made by the plaintiff, viz: that he gave the goods to Lester "to sell as his." It is difficult to see how this adds anything to the evidence that Lester had the diamonds to sell. It is the words "to sell" which are important. Authority "to sell as his" is not authority to pledge. This is far from saying that Lester had authority to deal with the goods as an *owner*.

Whether Lester had the goods on memoranda, or on an oral agreement of consignment to sell, he had no right to pawn them. The ground for claiming a right in Lester to treat the goods in all respects as his own, seems to be that he had possession of them.

The bare possession of goods does not clothe a person with power to dispose of them as the owner. *Levi v. Booth,* 58 Md. 305-314, 42 Am. Rep. 332.

Whether the memoranda were signed or not, and whether Solomon acted in good faith or not, are matters wholly immaterial. His good faith could not protect him in the purchase of property to which the vendor had no title. It appears that he was familiar with the custom of delivering goods to salesmen on memoranda, hence he must have known that it was possible that the diamonds were held by Lester for sale only. Whether he did or not, he was subject to the universal rule that the vendee of personal property takes it at the risk that his vendor may not have title.

The testimony as to Lester's claim of ownership, made to Solomon, was wholly inadmissible, as it tended to prove no issue. It was error also to permit the plaintiff to be inquired of as to his having paid Solomon the amount loaned on the goods. That also was without bearing on the issue. When Silberfeld's ownership was established or admitted, there was but one issue to be tried, it being admitted that Solomon had taken in pawn the diamonds which Silberfeld owned or had owned. That issue was as to the contract under which Lester had possession of the goods.

The answer having admitted that the title was in Silberfeld in the first instance, it was incumbent upon the defendants to show a transfer of the title to Lester, or some act which, as to third persons, clothed Lester with the right to dispose of the goods as he saw fit. That being so, the court committed prejudicial error in instructing the jury, as it did in the third instruction, that the burden was

upon the plaintiff "to establish by a fair preponderance of the evidence that Lester was without authority to pledge the goods in question to the defendants."

The evidence, in any event, does not sustain the verdict, and the judgment should be reversed. Leave given to amend the pleadings as parties may be advised. Judgment reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY dissent. MR. JUSTICE BURKE not participating.