No. 10,552.

HAWKES v. FIRST NATIONAL BANK OF TELLURIDE.

Decided March 3, 1924.

Action in conversion. Judgment for plaintiff.

*Affirmed.*

1. CHATTEL MORTGAGES—*Lien.* A valid recorded chattel mortgage creates a lien prior to any subsequent lien created by contract of any kind to which the mortgagee is not a party or to which he does not give consent actual or implied.

2. *Mechanic's Lien—Consent of Mortgagee.* A provision in a chattel mortgage that the owner might retain the use of the property, cannot be construed as consent of the mortgagee to the creation of a lien thereon for repairs beyond those necessitated by ordinary wear and tear.

3. LIENS—*Mechanic's Lien—Chattel Mortgage.* The lien of the holder of a valid recorded chattel mortgage on a motor truck, is superior to that of a mechanic for repairs, beyond those necessitated by ordinary wear and tear, subsequently made on the machine at the instance of the mortgagor.

*Error to the District Court of San Miguel County, Hon. Straud M. Logan, Judge.*

Messrs. CATLIN & CATLIN, for plaintiff in error.

Mr. L. W. ALLEN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE question here presented is one of priority as between a chattel mortgage and a subsequent repairman's lien. The parties appeared in reverse order in the trial court, and are hereinafter designated as there.

October 7, 1920, the owners of an automobile truck mortgaged it to plaintiff for $460 due January 7, 1921, and the mortgage was recorded the following day. Thereafter the owners brought the truck to defendant's garage "in a broken and dilapidated condition." For repairs thereon amounting to over $300, the truck was sold under defendant's alleged lien, and he bought it in for the amount of the repair bill and costs, totaling $503.00. At that time the truck was worth $800. This was an action in conversion. The court found for plaintiff and judgment was accordingly entered in its favor for $572.40 with interest and

costs. To review that judgment defendant brings error.

A valid recorded chattel mortgage creates a lien prior "to any subsequent lien created by contract of any kind to which the mortgagee is not a party or to which he does not give consent, actual or implied." *Ellison v. Tuckerman,* 24 Colo. App. 322, 134 Pac. 163.

This mortgage recited that the owners might retain and use the truck "provided such use and enjoyment shall not impair the value thereof." Was actual or implied consent thereby given to create this lien? We think not. Ordinary wear and tear only could have been contemplated. Certainly such use as reduced the truck to a "broken and dilapidated condition" necessitating a repair bill amounting to more than one-third of its value, was excluded by the express terms of the mortgage.

This mortgage further provided that if the truck should be "attached or claimed by any other person or persons at any time before payment," the mortgagee might take immediate possession. This fixed plaintiff's rights, under the circumstances, when defendant's claim of a lien was made. *Littell v. Brayton M. & A. Co.,* 70 Colo. 286, 201 Pac. 34.

Defendant had constructive if not actual notice of this mortgage and its terms and is bound thereby.

All material questions raised by this record and argued in the briefs are disposed of by the foregoing.

The judgment is affirmed.