## No. 11,148.

### WALKER, ET AL. *v.* MATHIS, ET AL.

Decided December 14, 1925.

Action in replevin. Judgment for defendants.

### *Reversed.*

1. ACTIONS—*Chattel Mortgage Property—Replevin.* Replevin is a proper action for the recovery of chattel property to the possession of which a mortgagee is entitled under the terms of his mortgage.

2. CHATTEL MORTGAGE—*Record—Notice.* A chattel mortgage duly acknowledged and recorded as required by statute is notice to the world of the mortgage lien.

3. *Lien.* A valid chattel mortgage creates a lien prior to any subsequent lien created by contract of any kind to which the mortgagee is not a party or to which he does not give consent, actual or implied.

4. LIENS—*Repairmen.—Chattel Mortgage..* Chattel mortgage on an automobile held not to authorize the mortgagor, as agent of the mortgagee, to have repaired injuries to the mortgaged property with authority to subordinate the superior mortgage lien to that of the repairman.

5. *Mechanics'—Automobile.* Mechanic's lien for repairs on an automobile, held inferior to that of a prior valid chattel mortgage.

6. CHATTEL MORTGAGE—*Lien—Repairmen.* It is of the essence of a chattel mortgage contract that nothing shall be done or permitted to be done by the mortgagor to impair the mortgage security, other than ordinary wear and tear.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, JR., Mr. RALPH E. FINNICUM, for plaintiffs in error.

Messrs. COEN & SAUTER, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE principal question raised for our determination involves the priority between a recorded chattel mortgage upon an automobile and a repairman's lien for repairs on the same vehicle, made subsequent to the recording of the mortgage. The mortgage was executed and recorded in the City and County of Denver. The mortgage provides that the car was "to be maintained at 947 Navajo street, Denver, Colorado. * * * Said property is to remain in my (mortgagor) possession, and possession is not to be parted with without the written consent of said mortgagee; * * * The mortgagor shall not sell, transfer, conceal, take, drive, carry away, remove from the county or otherwise dispose of the mortgaged property without the written consent of the mortgagee. * * * or in case said automobile is misused, abused or injured, or if any attempt shall be made to sell the same or to remove the same from the above address for a permanent or protracted period without the written consent of the mortgagee, or its assign, or if at any time said mortgagee or its assigns deem themselves insecure or unsafe, then said mortgagee, or its assigns, may * * * take possession of said property wherever found and sell," etc.

Some time after the date of recording the mortgage the mortgagor, without the knowledge or consent of the mortgagee or his assignee, permanently removed the automobile from Denver into the State of Nebraska, and on an occasion when the mortgagor had temporarily returned to Colorado with the car and was using it in Logan County, Colorado, it became seriously damaged and wholly unfit for use and was taken into the garage of the defendant in error and repairs made thereon at the request of the mortgagor, for which the defendant in error claimed a repairman's lien. The plaintiff in error, as the assignee of the note and mortgage, after employing an agent to discover and locate the car, found it in defendant's garage at Sterling, Colorado, where it was being held under claim of a lien for

repairs. The plaintiff in error thereupon brought a Code action of replevin for possession or the value of the car. The answer pleaded the repairman's lien. The defendant had judgment and the plaintiff brings error.

The form of action was proper under our Code of Procedure. *Clay Co. v. Martinez*, 74 Colo. 10, 218 Pac. 903.

The court below held that the record of the chattel mortgage in the City and County of Denver, where the property was situated at the time of the execution of the instrument, did not constitute notice in Logan county of the existence of the mortgage lien. This was error. A chattel mortgage duly acknowledged and recorded as required by statute, is notice to the world of the mortgage lien. *Horner v. Stout*, 5 Colo. 166; 2 Cobbey on Chattel Mortgages, § 563.

We have held that "a valid recorded chattel mortgage creates a lien prior to 'any subsequent lien created by contract of any kind to which the mortgagee is not a party or to which he does not give consent, actual or implied.'" *Hawkes v. Bank*, 75 Colo. 47, 224 Pac. 224. There is no express authority in the mortgage before us to create such a subsequent lien, and it is clear there was no written or actual consent given by the mortgagee to create a lien superior to the mortgage. That being so, the question then arises, Is such a contract to be implied from the mortgage contract itself? Or, in other words, did the mortgagee make the mortgagor his agent to repair the injuries to the mortgaged property, with authority to subordinate his superior mortgage lien to the lien of the repairman, including all of the rights incident to a superior lien? We think not. To read such an implication into the mortgage contract would have the effect of nullifying its express terms and render them utterly meaningless. We cannot presume that an agreement existed between the mortgagee and the mortgagor that the mortgage lien should yield its superiority to the lien of the repairman, in the absence of convincing evidence that such was the intention of the contracting parties. It is of the very essence of the mortgage contract that nothing shall be done or permitted to

be done by the mortgagor to impair the mortgage security, other than ordinary wear and tear. *Hawkes v. Bank, supra.*

The judgment will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.