## No. 17,835.

ERNEST E. FLEMING, ETC. *v.* ERNST GEVELHOFF.
(296 P. [2d] 748)

Decided April 30, 1956.

Mr. Douglas J. Malone, for plaintiff in error.

Messrs. Wood & Ris, Mr. Eugene S. Hames, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Plaintiff in error as plaintiff obtained a judgment against defendants Stohr by default and attached an automobile owned by defendants. Gevelhoff as grantee and holder of a prior chattel mortgage was permitted to intervene, and on hearing, judgment was entered in his favor. By this writ of error reversal of that judgment is sought, the controversy here being solely between plaintiff, the attaching creditor, and the intervenor. Defendants Stohr made no appearance in the trial court and do not participate before this court. We refer to the parties as they appeared in the trial court.

It is well to observe at the outset that plaintiff's attachment was on a debt in no way connected with or incurred as a result of any transaction involving the attached automobile; however, much argument is devoted to the technical requirements concerning chattel mortgages on automobiles and the registration of titles thereto.

The case was submitted on stipulated facts, the substance of which is as follows: Joanne Stohr was the record owner of a 1952 Packard automobile registered in her name in the state of California with certificate of ownership issued on November 24, 1952. In January of 1954, John Stohr, apparently as agent for his wife, executed and delivered to Gevelhoff, the intervenor, a note for $2,740, secured by chattel mortgage on the automobile involved, in Reno, Nevada, and at that time delivered to the intervenor the California certificate of

ownership signed by Joanne G. Stohr in the space provided for releasing of her interest. The intervenor also signed on the reverse side of the certificate as the new legal owner. The intervenor did not record the chattel mortgage nor obtain a new certificate of ownership under the laws of the state of Nevada. After the execution of the note and chattel mortgage to the intervenor, defendants brought the automobile into the state of Colorado and registered it under the name of Joanne G. Stohr and obtained license plates for the year 1954. In her application for registration of title Mrs. Stohr stated there was no outstanding indebtedness and the Colorado title issued, but was held in suspense by the Motor Vehicle Department pending the surrender to it of the California certificate of ownership by defendants.

Nearly a year passed before plaintiff levied on the automobile and the question here involved is whether or not the chattel mortgage given to the intervenor in Nevada on January 18, 1954, constituted a valid and prior lien on the automobile of defendant at the time of the attachment in November, 1954.

It is stated in the intervenor's summary of argument that the trial court did not err in granting intervenor's motion for summary judgment since the California certificate of title to the vehicle contained sufficient notations to apprise purchasers or encumbrancers in Colorado of the existence of the lien acquired by intervenor on January 18, 1954. We have examined the exhibits, among which is a photostatic copy of the California certificate of title and ownership, and do not find any notation concerning the existence of an encumbrance.

It is the contention of plaintiff that when the intervenor did not record the mortgage in Nevada and did not comply with the statutes of Nevada with reference to the matter of title, that the chattel mortgage was a secret lien and invalid in Nevada, therefore it is invalid here and does not come within the provisions of our for-

eign mortgage statute, C.R.S. '53, 13-6-32, which is as follows:

"No mortgage, as defined in section 13-6-2, on a motor vehicle, filed for record in any state other than the state of Colorado shall be valid and enforceable against the rights of subsequent purchasers for value, creditors or mortgagees, having no actual notice of the existence thereof. If the certificate of title for such vehicle, whether issued under the laws of this state or any other state, bears thereon any notation adequate to apprise a purchaser, creditor, or mortgagee of the existence of such mortgage at the time any third party acquires a right in the motor vehicle covered thereby, such mortgage and the rights of the holder thereof shall be enforceable in this state the same and with like effect as though such mortgage were filed in the state of Colorado and noted on the certificate of title in the manner prescribed in section 13-6-20."

Plaintiff also contends that the notations appearing on the California certificate of title were insufficient to satisfy the requirements of the statute above quoted, and relies upon the rule of comity prevailing prior to the enactment of the above statute in 1949, which was to the effect that if the chattel mortgage was properly executed and recorded in the state in which it was executed, and was otherwise valid in that state, then it was recognized as being valid in Colorado as against subsequent purchasers and encumbrancers.

The rule of comity in such matters was effectively disposed of by the very wording of the statute, which was undoubtedly enacted to meet the ever-changing locations of motor vehicles occasioned by sales in states other than the state where the mortgage was given, even though it be recorded. The present statutory method of protection is by means of showing of encumbrances on the title certificate, and as this court said in *First National Bank of Ogallala, Neb. v. Chuck Lowen, Inc.,* 128 Colo. 104, 261 P. (2d) 158 (1953), "Under Section

13 (31), the recognition of a foreign mortgage here depends not upon its being filed for record, but upon its appearing on the certificate of title." It is thus seen that plaintiff's contention that the mortgage is invalid here because it was not recorded in Nevada, is defeated. While our examination of the exhibits discloses no reference to an encumbrance or lien, it is apparent that the certificate of title delivered to the intervenor by John Stohr with Joanne Stohr's interest assigned thereon and the intervenor's name inserted as a new owner, disposes of the contention that the lien was secret; however, regardless of the compliance or noncompliance with the statutes of the two states concerning registering of title, the record is abundantly clear that for some reason not disclosed by the record, the certificate of title was held in suspense by the Motor Vehicle Department of Colorado pending delivery of the California certificate, and plaintiff attached the automobile on an indebtedness wholly foreign to any transaction concerning the automobile and the intervenor did not do or fail to do any act which caused plaintiffs to make a loan to defendants, which was the basis of the judgment under which the levy and attachment was made. The stipulation upon which this matter was submitted to the trial court discloses that plaintiff knew that the Colorado title was being held in suspension at the time he commenced the attachment. Plaintiff therefore had notice of some difficulty concerning the title and if he has suffered any loss in connection with the costs and expenses of the attachment suit, it is the result of his own haste in proceeding before the title matter was adjusted.

While we are unable to ascertain from the record the correctness of the court's ruling as to certain matters entering into its judgment for the intervenor, we are satisfied that the result was correct and the judgment in favor of the intervenor is therefore affirmed.