No. 18,288.

PETER J. FEDERICO *v.* UNIVERSAL C.I.T.
CREDIT CORPORATION.
(343 P. [2d] 830)

Decided August 10, 1959.    Rehearing denied September 21, 1959.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Mr. Louis A. Hellerstein, Mr. F. J. Manning, Mr. W. F. Schenkein, for defendant in error.

*En Banc.*

Mr. Justice Doyle delivered the opinion of the Court.

Defendant in error, as plaintiff in the trial court, instituted a replevin action alleging its right to the immediate possession of a certain Ford automobile. Trial to the court resulted in judgment in its favor. Plaintiff's alleged ownership derives from a chattel mortgage given in Ft. Worth, Texas, by one Thomas Parks, the mortgagor of the vehicle here involved, to secure a loan in the amount of $2506.20.

In conformity with the laws of Texas, plaintiff's mortgage had been duly filed and the lien had been noted on the face of the Texas Certificate of Title. This Certificate had been *retained* by the plaintiff. Parks wrongfully removed the vehicle to New Mexico and, by means of a false affidavit, there obtained a Certificate of Title which contained no notation of the plaintiff's lien. Thereafter, Parks sold the car in Denver to the National Motors, Inc., which concern took it without notice of plaintiff's mortgage and in turn sold to the defendant in this case who was also an innocent purchaser for value. The Colorado Certificate of Title (based on the New Mexico Certificate) did not contain a notation showing plaintiff's interest. Thus the conflict is between a local

innocent purchaser for value of a motor vehicle and an equally innocent foreign mortgage holder. It involves a perfected lien noted on the certificate in Texas as against a local certificate free of notation of lien.

Prior to the enactment of the Certificate of Title Act, C.R.S. 1953, 13-6-1, et seq., our decisions resolved conflicts such as the present one between two innocent parties, a foreign mortgagee and a local purchaser, by upholding the foreign lien as against the local innocent purchaser. *Mosko v. Matthews* (1930), 87 Colo. 55, 284 Pac. 1021. An essential condition, of course, was that the foreign mortgage be valid under the law of the state where it was executed. In the present case it is stipulated that the mortgage was a valid lien under Texas law. It is also to be noted that there is no question of a conflict of laws in the present case (which could possibly change the result) since the Supreme Court of Texas has announced its adherence to the so-called comity rule as exemplified in Colorado by the *Mosko* case, supra. *Bank of Atlanta v. Fretz*, 148 Tex. 551, 226 S.W. (2d) 843 (1950). Cf. *Storke & Sears, Colorado Security Law*, Sec. 27, and 29 *Rocky Mountain Law Review* 384.

The question which we are required to determine is whether the Certificate of Title Act, supra, requires a determination different from the rule of the *Mosko* case in circumstances such as those presented. The defendant contends that by reason of certain sections of this Act he is entitled to prevail. The plaintiff's position is that its claim is within the literal terms of the Act and that by reason thereof it is entitled to enforce the lien. Defendant calls attention to Sec. 13-6-7, supra, and argues that this section gives him a right superior to the foreign lien holder. The provision relied on states:

" * * * The certificate of title shall be prima facie evidence of all the matters therein contained; and, that the person in whose name said certificate is registered is the lawful owner of the vehicle therein described."

However, the prima facie force of the Colorado title is in the present circumstances overcome by the proof of plaintiff's pre-existing lien. This section does not serve to purge the title of prior defects but simply gives it a prima facie standing.

Defendant's main reliance is on the foreign mortgage section of the Certificate of Title Act, Sec. 13-6-32. This provides:

"No mortgage, as defined in section 13-6-2, on a motor vehicle, filed for record in any state other than the state of Colorado shall be valid and enforceable against the rights of subsequent purchasers for value, creditors or mortgagees, having no actual notice of the existence thereof. If the certificate of title for such vehicle, whether issued under the laws of this state or any other state, bears thereon any notation adequate to apprise a purchaser, creditor, or mortgagee of the existence of such mortgage at the time any third party acquires a right in the motor vehicle covered thereby, such mortgage and the rights of the holder thereof shall be enforceable in this state the same and with like effect as though such mortgage were filed in the state of Colorado and noted in the certificate of title in the manner prescribed in section 13-6-20."

If the above section were limited to the quoted first sentence, there would be real substance to defendant's contention that actual notice of all foreign liens is essential to their enforcement. Read in its entire context, however, it seems clear that the provision was not written in contemplation of a title obtained by fraud such as that in the present case. Its express policy is against secret liens arising in foreign states and it protects an innocent purchaser who has relied upon a Colorado filed title issued pursuant to a valid foreign title free of notation of lien. Nor are we in agreement with the contention of the *plaintiff* that the statute applies and protects *it* by reason of the fact that its lien was originally noted on the Texas certificate. This fact does

not in the present circumstances serve the purpose of the statute which is to apprise a local purchaser of the existence of a foreign lien. We conclude that the statute has no application to the situation presented by the facts in this case and does not aid either party. We hold that 13-6-32, supra, applies only to a regular and non-fraudulent foreign title and that its operation is limited to the protection of a local innocent purchaser where the foreign title is issued without notation of lien.

In the first sentence (of 13-6-32, supra) the legislature has changed the prior law by refusing to give effect to a mortgage that is filed for record in a foreign state and nothing more, at least in a state which uses the system of certificates of title. This section says to the foreign mortgagee that when the vehicle subject to his mortgage is brought into Colorado for sale, together with the certificate of title from his state, that his lien will be enforced against a purchaser if the purchaser has actual notice of the lien or if the lien of the mortgage is noted on the certificate of title. Sec. 13-6-32 seems clearly designed to encourage other states to require notation as a means of protecting their citizens holding mortgages on motor vehicles which can easily be moved into Colorado as well as to other states. Whether this section applies to mortgages executed in states which do not have certificates of title is a question that we are not now called upon to answer.

Our conclusion as to the present inapplicability of the statute is supported by *First National Bank of Ogallala v. Chuck Lowen, Inc.* (1953), 128 Colo. 104, 261 P. (2d) 158, which recognizes that Sec. 13-6-32 is not applicable to every conceivable fact situation. In that case it was held that Sec. 13-6-32 did not render a foreign mortgage unenforceable against a third party where the sale had been *without* a certificate of title. The court concluded that Sec. 13-6-32 must be read together with Sec. 13-6-8 which provides:

"*Sale or transfer of vehicle.* — Except as provided in

section 13-7-11, no person shall sell or otherwise transfer a motor vehicle to a purchaser or transferee thereof without delivering to such purchaser or transferee the certificate of title to such vehicle, duly transferred in the manner prescribed in section 13-6-9, and, no purchaser or transferee shall acquire any right, title or interest in and to a motor vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred to him in accordance with the provisions of this article," and that where there is no valid title certificate the notation requirement is inapplicable. Similarly here, where the certificate of title presented to defendant was a product of fraud, the requirement of notation had no relevance since it could never come to the attention of defendant and therefore could not serve the object of the statute.

*Fleming v. Gevelhoff* (1956), 133 Colo. 436, 296 P. (2d) 748, is a holding that an attaching creditor with notice that there is doubt as to the title to a vehicle may not prevail over a foreign mortgage regardless of a failure of the mortgagee to comply with the requirement of the foreign state for filing mortgages by failure to note the mortgage on the original certificate of title. This decision is not inconsistent with the result reached here. Nor should the Certificate of Title Act be regarded as altering the policy of our law favoring the principle of comity in these cases beyond the reach of the Act as was suggested by a dictum in the *Fleming* case.

In view of our holding that Sec. 13-6-32 does not declare a broad policy applicable to every fact situation involving a foreign chattel mortgage and that it is inapplicable to the present conditions in which the notation of lien was removed by fraud, it is our conclusion that the judgment of the trial court was correct and should be and hereby is affirmed.

Mr. Justice Frantz not participating.