Matthias, J.,
dissenting. I find that I cannot agree with the majority in this case.
Once again we have before us a consideration of the rights of a bona fide purchaser of a motor vehicle in relation to claims of ownership or encumbrances which are not disclosed by an Ohio certificate of title.
The confusion which has arisen in this area of the law has resulted because the courts have applied the provisions of Section 4505.04, Revised Code, without considering the remainder of the Certificate of Title Act.
Section 4505.04 reads in pertinent part as follows:
“No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
“(A) By a certificate of title or a manufacturer’s or importer’s certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.”
This section, standing alone, appears to make evidence of an Ohio certificate of title the only method by which proof of title or liens may be made. However, when it is read in light of the legislative purpose and in context with the other sections of *13 the Certificate of Title Act, it becomes obvious that the certificate of title is not, and was not meant to be, conclusive as to title and the existence of encumbrances.
The purpose of the Certificate of Title Act as stated in its title is:
“To prevent the importation of stolen motor vehicles and thefts and frauds in the transfer of title to motor vehicles # * (Emphasis added.) 117 Ohio Laws, 373.
The Supreme Court of Texas, in Bank of Atlanta v. Fretz (1950), 148 Tex., 551, 560, 226 S. W. (2d), 843, aptly stated the spirit of this act when it said:
“The spirit and purpose of this law is to prevent fraud; not to encourage it. It was not the intention of the Legislature by this act to invalidate liens validly acquired in states which do not have a similar law, and this is especially true in the event a vehicle covered by a lien is wrongfully, without the knowledge or consent of the lienholder, removed from the state where the lien was acquired and brought to this state, and the owner by false and fraudulent representations obtains a certificate of title showing that no lien exists against the vehicle, so that he is thereby enabled to transfer the vehicle to an innocent purchaser for value without notice of the lien.”
If an Ohio certificate of title acquired by false representations cannot be shown to be defective, the legislative purpose would be thwarted. A prospective purchaser in Ohio would have no incentive to check into the title to an out-of-state vehicle if the seller possessed an Ohio certificate of title. Thieves and swindlers would be anxious to deal with such willing buyers and Ohio would become a dumping ground for converted motor vehicles. See 1 Beale, Conflict of Laws, 294, Section 50.2; Associates Discount Corp. v. Colonial Finance Co. (Mahoning County, 1950), 88 Ohio App., 205, 210; and Mock v. Kaffits Chief of Police (Franklin County, 1944), 75 Ohio App., 305, 308.
To implement its purpose the General Assembly enacted what are now Sections 4505.01 to 4505.19, inclusive, Revised Code. An examination of these sections discloses how the seemingly absolute language of Section 4505.04 is modified. They provide for instances where a claim of ownership can be substantiated otherwise than by an Ohio certificate of title.
*14 Section 4505.10, Revised Code, entitled ‘ ‘ Certificate of title when ownership changed by operation of law, ’ ’ reads as follows:
“In the event of the transfer of ownership of a motor vehicle by operation of law, . .. the Clerk of the Court of Common Pleas of the county in which the last certificate of title to said motor vehicle was issued, upon the surrender of the prior certificate of title or the manufacturer’s or importer’s certificate, or, when that is not possible, upon presentation of satisfactory proof to the clerk of ownership and rights of possession to such motor vehicle, and upon payment of the fee prescribed in Section 4505.09 of the Revised Code, and presentation of an application for certificate of title, may issue to the applicant a certificate of title to such motor vehicle. Only an affidavit by the person or agent of the person to whom possession of such motor vehicle has passed, setting forth the facts entitling him to such possession and ownership, together with a copy of the journal entry, court order, or instrument upon which such claim of possession and ownership is founded, is satisfactory proof of ownership and right of possession. If the applicant cannot produce such proof of ownership, he may apply directly to the Registrar of Motor Vehicles and submit such evidence as such applicant has, and the registrar may thereupon, if he finds the evidence sufficient, authorise the clerk to issue a certificate of title. If, from the records in the office of said clerk, there appears to be any lien on said motor vehicle, such certificate of title shall contain a statement of said lien unless such application is accompanied by proper evidence of its extinction.” (Emphasis added.)
This section covers instances where ownership of a motor vehicle is changed by operation of law, e. g., by inheritance, replevin action, or breach of condition in a chattel mortgage. It specifically provides that a certificate of title may be issued upon presentation of proof other than a certificate of title.
By Sections 4505.02 and 4505.17, Revised Code, the Registrar of Motor Vehicles is given the authority and duty to check the duplicate certificates which he receives against his records of certificates previously issued and against his records of stolen and converted automobiles to determine if a certificate has been issued improperly. If he finds that a certificate should not have been issued hé is to immediately cancel it. It is sig *15 nificant that the criterion used is not whether the holder of the certificate of title acted in bad faith or had notice of the claim of another but whether the certificate was improperly issued.
In this case, the plaintiff’s lien was noted on the West Virginia certificate of title originally issned to Williams. This court has held that such a certificate is a public act and record of the state where it was issued and is entitled to full faith and credit unless such entitlement would he against the public policy of Ohio. Gibson v. Bolner (1956), 165 Ohio St., 357, paragraph two of the syllabus.
Admitting the out-of-state certificate into evidence in this case would be in accord with the policy to prevent the importation of stolen motor vehicles, expressed in the title of the Certificate of Title Act. This act cannot be said to evidence a public policy to protect innocent holders of an Ohio certificate of title since it provides that such a certificate valid on its face may be cancelled by the Registrar of Motor Vehicles in the event it was improperly issued. See Sections 4505.02 and 4505.17, Revised Code.
The result reached by the majority in this case is contrary to the purpose of the act and to the position taken by the Restatement of the Law (Conflicts, Sections 265 and 268), by noted textwriters (Goodrich, Conflicts, Sections 157 and 158, and Beale, Conflicts, Sections 50.2 and 266.3), and by the overwhelming majority of cases, e. g., Mercantile Acceptance Co. v. Frank (1928), 203 Cal., 483, 265 P., 190; Federico v. Universal C. I. T. Credit Corp. (1959), 140 Colo., 145, 343 P. (2d), 830; Vincent v. General Motors Acceptance Corp. (Florida, 1954), 75 So. (2d), 778; General Motors Acceptance Corp. v. Nuss (1940), 195 La., 209, 196 So., 323; Metro Plan, Inc., v. Kotcher-Turner, Inc. (1941), 296 Mich., 400, 296 N. W., 304; and Bank of Atlanta v. Fretz, supra.
The ultimate consequence of the majority opinion is to take away from the courts their traditional function of protecting the innocent owner or lienholder from the swindler, thief and confidence man, and to place redress of such owner or lienholder solely within the power of the Registrar of Motor Vehicles.
Zimmerman and Grieeith, JJ., concur in the foregoing dissenting opinion.