## No. 20476.

AVIS RENT-A-CAR SYSTEM *v.* JOSEPH W. WOELFEL, ET AL., D/B/A FUGIT AUTO SALES.

(393 P.2d 551)

Decided June 29, 1964. Rehearing denied July 20, 1964.

Messrs. GORDON and GORDON, Mr. CHRISTIAN K. JOHNSON, for plaintiff in error.

Mr. CARL M. SHINN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

WE will refer to the parties either by name or as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

The case was submitted on an Agreed Statement of Facts in the court below. Plaintiff was in the business of renting cars in Gulfport, Mississippi. On March 1, 1958, one Robert Lee Stevens rented an automobile from the plaintiff who was in possession of said automobile as a vendee under a conditional sales contract. On March

3, 1958, Stevens forged a bill of sale and the following day obtained a motor vehicle certificate of title in Florida. Thereafter, Stevens sold the automobile to a dealer in Lawrence, Kansas.

By subsequent transactions the automobile was transferred and eventually came into possession of the defendant Fugit, doing business as Fugit Auto Sales, in Lamar, Colorado. Fugit transferred the automobile to the defendant Woelfel on a Colorado certificate of title. Plaintiff, having located the automobile, commenced this action in replevin or for damages. The trial court held that the plaintiff was not entitled to relief as a matter of law, and from that judgment the plaintiff sues out writ of error here.

The sole question we are called upon to decide is whether the vendee of an automobile under a conditional sales contract executed and valid in another state who has feloniously been deprived of possession of said automobile may recover the same from an innocent Colorado purchaser for value. We resolve the question in the affirmative.

The defendants' position, which was adopted by the trial court, is that *Turnbull v. Cole,* 70 Colo. 364, 201 Pac. 887, is determinative of the controversy. The *Turnbull* doctrine, oft-repeated in subsequent decisions of this Court, declares that the "secret lien" of a foreign conditional sales vendor shall not be recognized in this state so as to defeat the rights of an innocent Colorado purchaser for value. Comity is denied under *Turnbull* "because such action would be contrary to public policy, and would result in detriment to the interests of a citizen of this state."

*Turnbull* does not, in our view, govern the instant case. The decisive difference is that here we do not have a conditional sales vendor seeking to foreclose a "secret lien." We have, rather, one who was rightfully in possession of an automobile seeking to recover that of which it wrongfully has been deprived. In this situation,

the cases which declare Colorado's policy with regard to "secret liens" are obviously inapposite.

■ The plaintiff, having had the automobile taken from its rightful possession, has a sufficient interest in the automobile to maintain this action against the defendants. See 7 Blashfield, *Cyclopedia of Automobile Law and Practice*, Sec. 4571, pp. 442, 444; 47 Am. Jur., *Sales*, Sec. 879, pp. 85, 86. In applying familiar personal property rules to the case at bar, it is clear that the plaintiff is entitled to recover on its complaint. The chain of title under which the defendants claim had its inception in the wrongful criminal conduct of Stevens in forging a bill of sale and obtaining a Florida certificate of title thereby. Stevens at no time had a valid title, nor could he under the circumstances of this case convey a valid title. See *Panhandle Pipe & Supply Co. v. S. W. Pressey & Son*, 125 Colo. 355, 243 P.2d 756; 46 Am. Jur., *Sales*, Sec. 458, p. 620.

■ Nor does any principle of estoppel apply under the circumstances of this case. The plaintiff did nothing to clothe Stevens with indicia of ownership; it merely gave him possession of the automobile in the regular course of its business. Possession alone is not sufficient evidence of ownership to justify the belief that the possessor has title or to warrant reliance thereon as a defense. *Morsch v. Lessig*, 45 Colo. 168, 100 Pac. 431; *Silberfeld v. Solomon*, 70 Colo. 413, 202 Pac. 113; *Panhandle Pipe & Supply Co. v. S. W. Pressey & Son*, supra. Clearly, title did not devolve upon the defendants through the transactions initiated by Stevens' crime.

■ Nor are we persuaded that the result should be otherwise because defendant Woelfel obtained a certificate of title free from all prior encumbrances pursuant to the Certificate of Title Act, C.R.S. '53, 13-6-1 *et seq.* As has been previously indicated, the plaintiff does not here seek to enforce an encumbrance but only to recover what was wrongfully taken from its possession. Defend-

ants rely particularly on C.R.S. '53, 13-6-7, which provides in part as follows:

" * * * The certificate of title shall be prima facie evidence of all of the matters contained therein; and, that the person in whose name said certificate is registered is the lawful owner of the vehicle therein described. * * * "

Defendants fail to recognize that the force of the certificate of title is not conclusive, or, as stated in *Federico v. Universal C.I.T. Credit Corp.*, 140 Colo. 145, 343 P.2d 830:

" * * * This section does not serve to purge the title of prior defects but simply gives it a prima facie standing."

Defendants contend that by allowing the conditional sales vendee to recover in this action the *Turnbull* rule could easily be nullified by the simple expedient of commencing the action in the vendee's name rather than in that of the vendor and thereby obtain enforcement of a "secret lien." Suffice it to say that in the case at bar that is not the fact.

The judgment is reversed and the cause remanded with directions to enter a judgment for the plaintiff on its complaint.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE MOORE concur.