**FIRST SECURITY BANK OF IDAHO, Appellant,**

**v.**

**Fred CROUSE, d/b/a C & L Diesel Service, Appellee.**

**No. 8724.**

United States Court of Appeals Tenth Circuit.

March 7, 1967.

Thomas J. Kerwin, Denver, Colo. (Richard W. Breithaupt and Hodges, Silverstein & Harrington, Denver, Colo., on the brief) for appellant.

George R. Buck, Jr., Cortez, Colo. (Dilts & Buck, Cortez, Colo., on the brief) for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, assignee-holder of the chattel mortgage, sued appellee in the United States District Court for the District of Colorado to replevy a Mack truck in the possession of appellee, a garageman. Appellee counterclaimed for his bill for repair work and storage, contending that Colorado law gives him a garageman's lien which is superior to appellant's chattel mortgage. The case was tried to the court which held that plaintiff-appellant was entitled to possession of the truck but that defendant-appellee was entitled to relief on his counterclaim for the repairs and storage in the total amount of $1,813.40, plus interest.

The facts are these: The subject 1960 model Mack truck was purchased in Boise, Idaho. The buyer executed a conditional sales contract to the seller and the seller assigned the contract to appellant bank. The contract was recorded with the proper Idaho authorities and the lien in the amount of $11,475.00 was noted on the face of the title. The buyer was in the business of hauling livestock and his employee, on March 26, 1964, drove the truck into Colorado for that purpose. The truck broke down near Cortez, Colorado. The appellee towed it to his shop and, acting on the driver's instructions, telephoned the buyer in Idaho to obtain authorization to perform necessary repair work. The buyer, over the telephone, authorized appellee to install an overhauled transmission and to make other repairs. Ownership of the truck was not mentioned, nor was the bank in any way mentioned or notified of the repairs. Appellee expended $1,506.49 for parts and labor and stored the truck for a period of time making a total charge of $1,813.40. None of this sum has been paid appellee and he has retained possession of the truck. The buyer defaulted on the conditional sales contract and, there being diversity jurisdiction, the bank brought this replevin action in the United States District Court in Colorado, contending it was entitled to immediate possession of the truck. Appellee answered and counterclaimed, contending that it, under Colorado law, had a superior lien on the truck for the amount of the repairs and storage. The District Court agreed with appellee and the bank appealed.

Colorado statutory law defines a conditional sales contract as a chattel mortgage [1] and the Idaho contract will be so referred to herein.

■ The title to the truck bore a notation adequate to apprise a purchaser, creditor or mortgagee of the existence of the chattel mortgage and the chattel morgage is therefore entitled to the same effect as though it were filed in the state of Colorado in the manner prescribed by Colorado statute.[2] The question is what effect does Colorado law give this chattel mortgagee as against the rights of appellee garageman.

■ Colorado Revised Statutes 1963, § 13–6–19 provides that filing a chattel mortgage and noting that fact on the face of the title certificate "shall constitute notice to the world of each and every right of the person secured by such mortgage." Appellee concedes that the general rule is that a garageman's lien for work done on a vehicle will be subordinated to prior recorded mortgages. However, appellee contends that the District Court correctly determined that excepted from the general rule is a garageman's equitable lien for necessary repairs of ordinary wear and tear. The District Court found that Colorado law recognizes this exception on the theory that the mortgagee has impliedly con-

1. Colorado Revised Statutes 1963, § 13–6–2 (14).

2. Colorado Revised Statutes 1963, § 13–6–32. See Federico v. Universal C.I.T. Credit Corporation, 140 Colo. 145, 343 P.2d 830.

sented to permit necessary repairs for ordinary wear and tear because the chattel is thereby preserved and his security protected.

There are early Colorado cases that contain language that can be said to support the "ordinary wear and tear" exception. In Hawkes v. First National Bank of Telluride, 75 Colo. 47, 224 P. 224 (1924), a valid chattel mortgage recited that the owners might retain and use the truck "provided such use and enjoyment shall not impair the value thereof." The mortgage on the truck was $460.00. The truck was brought by the owner to defendant "in a broken and dilapidated condition" and he did repair work amounting to $300.00. After repairs, the truck was worth $800.00. The Colorado Supreme Court, looking at the language in the mortgage referred to above, queried: "Was actual or implied consent thereby given to create this lien?" And the Court answered: "We think not. Ordinary wear and tear only could have been contemplated."

In Walker et al. v. Mathis et al., 78 Colo. 384, 242 P. 68 (1925), the Court said in dictum that, "It is of the very essence of the mortgaged contract that nothing shall be done or permitted to be done by the mortgagor to impair the mortgage security, other than ordinary wear and tear. Hawkes v. Bank, supra."

Those two cases are the only Colorado law appellee has shown us which in any way support the exception urged. Those cases have never been overruled. This led the District Court to conclude that "The significant conclusion to be drawn from these Colorado cases is that the Supreme Court has not ruled out the possibility that extreme circumstances, showing a high degree of necessity for the contracting of necessary repairs by

the mortgagor, could produce a result different from that reached in Hawkes and Walker." [3]

We cannot agree. The "exception," so far as our research has indicated, has not been mentioned since the 1925 case of Walker v. Mathis, supra. If there ever was any such exception we think it was eliminated by the enactment of § 13–6–19 of the Colorado Revised Statutes, mentioned above, which provides that properly recording, and noting chattel mortgages on the title certificate provides "notice to the world." [4] We note in passing, that even if we could agree that the exception existed, the trial court never made a specific factual finding that the appellee repaired only "ordinary wear and tear", nor do we think the record would support such a finding.

The conclusion that a prior recorded chattel mortgage is superior to a subsequent garageman's lien is also supported by the Colorado legislature's treatment of the problem in its enactment of the Uniform Commercial Code which became effective on July 1, 1966, after the instant facts occurred. As promulgated by the National Conference of Commissioners on Uniform State Laws, the applicable section provides that a repairman's lien takes "priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise." The Colorado legislature changed this section so that the Colorado statute, Colorado Revised Statutes, 1963, § 155–9–310, expressly provides that the repairman's lien "does not take priority over a perfected security interest unless a statute expressly provides otherwise." This maintains the prior law by giving the repairman an inferior priority status. [5]

---

3. First Security Bank of Idaho, N.A. v. Crouse, D.C., 252 F.Supp. 230, 233.

4. See Colorado Attorney General's Opinion in No. 2361–52; contra, Storke and Sears, Colorado Security Law, § 24, p. 88.

5. The "Official Comment", following the Colorado statute, states that the purpose

of the section is to provide repairman's liens a priority over earlier perfected security interest. This "Official Comment" explains the original Uniform law and was not changed to conform to Colorado's enactment. See Vol. 7A, Colorado Revised Statutes, 1963, page iii.

■■ We disturb a District Court's interpretation of local state law only when we are convinced that the interpretation is clearly erroneous.[6] We do feel that the District Court was clearly erroneous in finding, under Colorado law, that the appellee had a lien superior to that of appellant. We think Section 13–6–19 of the Colorado Revised Statutes commands the opposite.

That part of the judgment permitting Crouse to recover upon his counterclaim is REVERSED and the case is remanded with directions to determine the claim of the First Security Bank of Idaho against Crouse for damages arising out of the unlawful detention of the truck and to make a redetermination of the liability for costs.

6. See Jamaica Time Petroleum, Inc. v. Federal Insurance Company, 10 Cir., 366 F.2d 156; Bushman Construction Company v. Conner, 10 Cir., 351 F.2d 681, cert. denied, 384 U.S. 906, 86 S.Ct. 1340, 16 L.Ed.2d 358; First National Bank & Trust Company of Oklahoma City, Okl. v. Foster, 10 Cir., 346 F.2d 49 and cases there cited. .