WESTERN SURETY COMPANY, Plaintiff and Respondent,

v.

Clarence H. REDDING, Tom B. Redding, and Bert W. Redding, individually, Defendants and Appellants.

No. 16935.

Supreme Court of Utah.

Feb. 9, 1981.

* CROCKETT, J., concurred in this case before his retirement.

Robert D. Maack, Salt Lake City, for defendants and appellants.

David H. Epperson, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Chief Justice:

Plaintiff, a corporate surety, initiated this action to recover $2,550.00, the sum paid under a Motor Vehicle Dealers Bond to the vendee of a stolen car purchased from Redding Auto Sales. The parties entered into a stipulation of facts, and each moved for summary judgment. The trial court granted plaintiff's motion, and defendants appeal therefrom. The judgment of the trial court is affirmed. All statutory references are to Utah Code Annotated 1953, as amended.

The parties stipulated that defendants were engaged in the business of automobile sales in Salt Lake City, Utah. Defendants made a written application to plaintiff for a surety bond. Pursuant to this application, plaintiff issued a Motor Vehicle Dealer's bond, wherein plaintiff, as surety for defendants, became bound in the amount of $5,000.00 to indemnify any and all persons for any loss suffered by reason of defendants' failure to observe and comply with the requirements and provisions of Chapter 3, Title 41. In consideration of the issuance of the bond, defendants agreed to indemnify plaintiff and save it harmless from any and all damages, costs and charges which plaintiff might sustain as surety upon the bond for defendants' failure to observe and comply with the requirements and provisions of Chapter 3, Title 41, according to the stipulation.

On August 27, 1976, defendants, doing business as Redding Auto Sales, sold a 1972 CJ5 Jeep to Auto Exchange for $2,550.00. Subsequently, the jeep was found to have been a stolen vehicle. The vehicle was returned to its rightful owner. The vendee, Auto Exchange, as permitted by Section 41–3–18, made demand upon plaintiff, the surety on the Motor Vehicle Dealer's Bond, asserting defendants' failure to comply with the statutory provisions in Chapter 3, Title 41, specifically the vehicle had been stolen and had a defective title at the time of its sale by defendants to Auto Exchange. Plaintiff, as surety for defendants, indemnified the purchaser $2,550.00 for the damages sustained as a result of defendants' asserted noncompliance with the provisions of Chapter 3, Title 41. Plaintiff obtained a release from Auto Exchange for all its claims against both plaintiff and defendants arising out of the sale of the jeep.

After making payment to the purchaser, plaintiff made a demand upon defendants for indemnification, in accordance with their agreement, in the sum of $2,550.00, the amount plaintiff has paid as surety upon the bond issued to defendants.

The parties set forth their respective positions in the stipulation as follows: Plaintiff asserted that by reason of its payment to the Auto Exchange, it is entitled to indemnification from defendants, jointly and severally, in the sum of $2,550.00 for defendants' alleged violation of requirements

and provisions of Chapter 3, Title 41; defendants asserted they had fully complied with the statutory requirements in the sale of the vehicle and alleged they had no knowledge of the defective title at the time of sale, and under such a circumstance, plaintiff was not entitled to be indemnified by defendants for any payment which plaintiff had made on the bond.

The trial court ruled that defendants had supplied the purchaser of the vehicle in question with a defective title contrary to the requirements of Chapter 3, Title 41. Plaintiff was granted judgment for $2,550.00.

On appeal defendants contend that the sale of a motor vehicle, which the dealer does not know is stolen, does not fall within the purview of Section 41–3–18. Thus, the vendee had no statutory cause of action against defendants or their surety (plaintiff) for the loss sustained by its purchase of a stolen vehicle. Defendants' claim is erroneous. The issue herein involves the interpretation and correlation of several statutory provisions.

Under Section 41–3–16, a statutory bond must be procured as a condition precedent to the issuance of a dealer's license to engage in the sale of new or used cars.

Section 41–3–18, provides:

"If any person shall suffer any loss or damage by reason of fraud, fraudulent representation or violation of any of the provisions of this act by a licensed dealer or one of his salesmen, then acting for the dealer on his behalf, or within the scope of his employment of such salesmen, such person shall have a right of action against such dealer, and/or the automobile salesman guilty of the fraud, fraudulent representation or violation of any of the provisions of this act, and/or the sureties upon their respective bonds."

This statute should be construed broadly, for the bond was intended to protect all persons doing business with a motor vehicle dealer.[1] To sustain its position that defendants violated a provision of the act, which thus brings the right of action within Section 41–3–18, plaintiff cites Section 41–3–2, which provides:

"Every person, firm, or corporation upon the sale and delivery of any used or secondhand motor vehicle shall within forty-eight hours thereof deliver to the vendee, *and endorsed according to law,* a certificate of title, issued for said vehicle by the state tax commission." (Emphasis supplied.)

The requisite endorsement required by law is set forth in Section 41–1–63,[2] which provides:

"The owner shall endorse an assignment and warranty of title upon the certificate of title for such vehicle with a statement of all liens or encumbrances thereto, which statement shall be verified under oath by the owner, and he shall deliver the certificate of title and certificate of registration to the purchaser or transferee at the time of delivering the vehicle, except as hereinafter provided in Section 41–1–79."

Although the time period and source of delivery of the title for dealers in Section 41–3–2 varies from the requirements of Section 41–1–63, the endorsement provisions in the latter are applicable to the former statute. In the instant case, the chain of title of the automobile dealer had its inception in the wrongful criminal conduct of a thief, under these circumstances neither the thief nor his transferees could convey a valid title.[3] Thus, the dealer had no title which could be assigned and warranted, and the purported transfer was invalid and in violation of Section 41–3–2. The surety, plaintiff, was liable on the dealer's bond and was entitled to indemnification from defendants.

1. *Lawrence v. Ward*, 5 Utah 2d 257, 261, 300 P.2d 619 (1956).

2. This statute was amended in 1979, L.1979, Ch. 150, § 14, which was approximately 2½ years after the instant transaction.

3. *Avis Rent-A-Car System v. Woelfel*, 155 Colo. 207, 393 P.2d 551 (1964).

Defendants' second point on appeal was not raised in the trial court and involves an evidentiary matter, which was neither included in the stipulation nor otherwise presented, e. g., by affidavit; so it cannot be considered for the first time on appeal.

Defendants' third point on appeal, although raised in their pleadings and assertedly argued before the trial court, was not specifically resolved by the trial court. However, the allegations would constitute a direct contradiction of the facts as stipulated by the parties in paragraph 5 of their Stipulation of Facts, and the action of the trial court is consistent with the stipulation.

HALL, J., concurs.

OAKS, J., concurs with the main opinion and also with the concurring opinion of HOWE, J.

HOWE, Justice (concurring):

I concur with the following comment: Defendants contend that they should not be held liable for innocently delivering a void title because the only provision of the Motor Vehicle Dealer's Act dealing with a stolen vehicle is Section 41–3–23(3), and that there is no violation under this sub-section unless the dealer *knowingly* sells a stolen vehicle. That sub-section provides:

(a) It shall be unlawful and a violation of this act for the holder of any license issued under the terms and provisions hereof:

. . . . .

(3) to knowingly purchase, sell, transport, dismantle or otherwise acquire, dispose of or handle a stolen motor vehicle.

It is true that under Section 41–3–18 a right of action is given only to persons suffering loss or damage by reason of fraud, fraudulent representation or "violation of any of the provisions of this act, . . ." by a licensed dealer. The "act" refers to the Motor Vehicle Dealer's Act enacted in 1949 as Chapter 67, Laws of Utah 1949, and now embodied in Sections 41–3–6 to 41–3–27, inclusive, U.C.A.1953, as amended. However, defendants' argument overlooks the fact that 41–3–23(4) provides that it shall also be a violation of the "act":

(4) To violate any law of the State of Utah now existing or hereafter enacted respecting commerce in motor vehicles . . .

Both Sections 41–3–2 and 41–1–63 set out in full in the main opinion deal with "commerce in motor vehicles." Defendant did not comply with them. Despite their plea that they should not be held to be insurers of the title, Section 41–1–63 compels that result by providing that the owner shall endorse an assignment and *warranty of title* upon the certificate of title.

STEWART, J., concurs in the concurring opinion of HOWE, J.