[No. 5440.]
[No. 3102 C. A.]

LEMMON v. BEATTIE.

1.  **Execution—Property Subject to Levy.**
    The interest of one in personal property, to be subject to levy under execution, must be a vested interest at the time of the levy.—P. 70.
2.  **Same.**
    An owner delivered sheep to J. and G. as lessees in a lease binding them to return the sheep received to the owner at the expiration of the lease, together with a half of the increase. A year thereafter G. retired, and F. became a lessee with J., and a memorandum signed at that time by the parties recited that J. should bear the loss and receive the gain during the year last past. The facts in this case show that the judgment debtor's interest in the property levied upon was not a fixed and determined one, and, therefore, was not subject to levy.—P. 71.
3.  **Replevin—Evidence—Admissibility.**
    A lessee of sheep agreed to return them at the expiration of the term, together with half of the increase. Held that, in replevin by the lessor against the sheriff who had levied on the

sheep as the property of the lessee, evidence was admissible that during the term the interest of the lessee was agreed upon, for the purpose of showing that certain sheep were set off to the lessee under the lease and thereby became subject to levy.—P. 71.

*Appeal from the District Court of Logan County.*
*Hon. E. E. Armour, Judge.*

Action by F. F. Lemmon against David Beattie, sheriff of Logan county. From a judgment for defendant, plaintiff appeals.     *Reversed.*

Mr. W. L. Hays and Mr. Quitman Brown, for appellant.

Messrs. McConley & Burke, for appellee.

Chief Justice Steele delivered the opinion of the court:

The plaintiff and appellant, being the owner of a certain flock of sheep, brought suit against the sheriff of Logan county in an action of replevin to recover the possession of the sheep and for damages for their unlawful detention. The defendant justified under an execution issued from the county court of Logan county against I. M. Johnson for the sum of about two hundred dollars. The sheep were worth about six thousand dollars. The jury returned a verdict in favor of the defendant, and further found that the value of the interest of Johnson in the sheep, at the time of the taking, was two hundred and five dollars. The judgment was for the return of the sheep, or, in the alternative, that the defendant recover of plaintiff the sum of two hundred and five dollars; from which judgment the plaintiff appealed to the court of appeals.

The sheep were owned by the plaintiff and were delivered to Johnson and one Gooch as lessees on or

about the 1st of October, 1901. This condition is contained in the lease: "The same number and the same ages of sheep as received in this lease are to be returned to the party of the first part, with half of the increase, in good condition and free from disease, at the expiration of this lease." The lease also provides that the increase shall be divided at the expiration of the lease. One year after the making of the lease, by the consent of the parties, Gooch was allowed to retire and Nels Fredericksen became a party to the lease and lessee with Johnson, and upon the lease the following memorandum, signed by all of the parties, appears: "It is understood and agreed between all parties that now, one year after the making of this lease, Nels Fredericksen becomes a full partner with I. M. Johnson in this lease until expiration thereof, Oct. 15, 1903. Said Johnson agrees to bear all loss, if any, and receives the gain, if any, from the time of the first making of this lease to the present time, Oct. 15, 1902; and said Fredericksen will receive his full share of any gain by reason of the wool clip of 1903, and increase of same season, and will also bear his full share of any loss, if any, during this last year of this lease from Oct. 15, 1902, to Oct. 15, 1903."

The principal controversy arises over the construction of this memorandum of agreement indorsed upon the lease. It is contended, and the court so held, that by this agreement the interest of Johnson in the sheep was vested and determined, and that his interest was subject to the levy. It is not disputed that the interest of Johnson, to be subject to levy under execution, must be a fixed and vested interest at the time of the levy; and the defendant concedes that unless it shall be determined that Johnson's interest was a fixed and determinable interest, the judgment must be reversed.

We cannot place the same construction upon this memorandum as that placed by the trial judge. Our construction of the agreement is that as between Johnson and Fredericksen it was agreed that the gains and losses during the period of the lease should be apportioned in the manner stated in the agreement, but that the agreement does not, in any manner, in our opinion, relieve Johnson of the obligation to account to Lemmon, the plaintiff and lessor, for his full share of the sheep, as provided in the lease, during the year from October 15th, 1901, to October 15th, 1902, out of any interest that he might have in the sheep at the end of the term of the lease. This being true, it follows that Johnson's interest in the lease at the time of the levy was not subject to levy.

Testimony was offered on the part of the defendant tending to show that at or about the time of the change of lessees a division of the sheep was made and Johnson's interest set off to him by the lessor. This testimony the court declined to receive. In this we think the court erred. It was entirely competent, in our opinion, for the purpose of showing that during the term of the lease the interest of Johnson had been agreed upon and determined. And if, by mutual consent, certain of the sheep were set off to Johnson in the year 1902, in full settlement and satisfaction of the terms of the lease, then Johnson had a fixed and determinable interest which was subject to levy under execution.

The judgment is reversed.        *Reversed.*

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.