[No. 8159]

## STITT v. SPENGEL HOUSE FURNISHING COMPANY.

1.  CHATTEL MORTGAGE—*Place of Record.* Where goods are sold in one county, to be immediately removed to another, and· are so removed, the latter county is the *situs* of the goods, within the meaning of the statute (Rev. Stat. Sec. 515). A chattel mortgage to confer any lien as against creditors of the purchaser must be recorded in the latter county.—*Mumford v. Harris*, 8 Col. App. 51, overruled.   (561)

2.  STATUTES—*Construction.* A statute the purpose of which is to give notice of an encumbrance upon personalty should receive the construction best calculated to accomplish this purpose.   (562)

3.  WORDS AND PHRASES—*"Situated."* The direction that a chattel mortgage shall be recorded, "where the property mortgaged shall be situated," (Rev. Stat. Sec. 515), means where the property is permanently situated.   (562)

*Error to Denver District Court.*—Hon. J. E. LITTLE, Judge.

Mr. ROY E. DICKERSON, for plaintiff in error.

Messrs. THOMAS & THOMAS, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

April 27th, 1912, one Clyde Sill bought certain personal property from the Spengel House Furnishing Company, doing business in the City and County of Denver, to be by it forthwith delivered to the former's place of business at Aurora, in Adams County. Immediately upon making the purchase Sill gave a mortgage on the property to the vendor, which the latter recorded in the City and County of Denver, where the sale occurred, May 1st, 1912, four days after its execution. The goods had meanwhile been delivered by the vendor to Sill, in Adams County. July 12th, 1912, some of this property was seized by Stitt, as Constable, under a writ of attachment sued out of a Justice's Court in the latter county, by the Midland Casket and Manufacturing Company, upon a claim against Sill. Thereafter the Spengel Company brought this action in the District Court of the City and County of Denver, to recover from the Constable, Stitt, the sum of $432.15, the alleged value of the goods, theretofore attached, and subsequently sold by him as the property of Sill. Upon trial the Spengel Company, on the strength of its recorded mortgage, recovered judgment for $321.16, and the Constable, Stitt, prosecutes this writ of error, questioning the validity of the mortgage recorded, as it was, only in the City and County of Denver, to hold this property against the attachment.

The court below held that, as the goods were sold to Sill, in the City and County of Denver, and the mortgage executed before they were removed, and recorded there prior to the levy of attachment in Adams County, such record was constructive notice. Where personal

property is sold in one county for immediate delivery to and permanent location in another county, and is so delivered, where must a chattel mortgage on the property, given at the time of purchase and sale, be recorded to protect the vendor through constructive notice?

The sections of the statute for consideration are as follows:

"No mortgage on personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to and remain with the mortgagee, or the said mortgage be acknowledged and recorded, as hereinafter directed." § 512, R. S. 1908.

"Any mortgage of personal property so certified, shall be admitted to record by the recorder of the county wherein the property mortgaged, or the greater part thereof, shall be situated," etc. § 515, R. R. 1908.

The court was no doubt governed, in its determination of the place of record of the mortgage under consideration, by the decision in *Mumford v. Harris,* 8 Colo. App. 51, 44 Pac. 772, where, construing these sections, it was held that the *situs* of mortgaged property, for the purpose of record is the county where the property is located at the time of the making of the mortgage. In that case it was so held notwithstanding the mortgage showed on its face that the property was to be forthwith removed and kept in a county other than the one in which it was located when the mortgage was executed. Under the facts, that conclusion is manifestly wrong, and a clear perversion of the plain intent and meaning of the act, the object of which is to prevent fraud and deception by precluding the mortgagor of personal property from holding himself out to the world as an unqualified owner. *Horner v. Stout,* 5 Colo. 166. Plainly this can only be accomplished by recording a lien against the property in the county where it is located and kept, not by making

such record in the county whence the property came. Provisions of this character should be given that construction which is best calculated to accomplish their obvious purpose. The Mumford-Harris decision, *supra*, held that the words of our statute "shall be situated" indicates the *situs* of the property at the time of execution of the mortgage, which so restricts the operation of the act as to permit, rather than hinder, fraud and deception, by making time the controlling consideration. If the statute is to have force and effect consistent with the apparent legislative intent, as gathered from its context, the words "shall be situated" must be held to mean permanently situated. Where, as here, mortgaged property is sold in one county, to be forthwith delivered to the place of business of a purchaser in another county, and is delivered there, its *situs* for the purposes of record of a mortgage placed on it is in the county to which it is so delivered. Any other construction would defeat the purpose and object of the statute as to notice, and thus afford opportunity for the perpetration of fraud and deception, to prevent which was the primary object of the act.

Accordingly, the record of the mortgage to the Spengel Company, in the City and County of Denver, under the circumstances of this case, was not constructive notice to an attaching creditor in Adams County, where the property was permanently located and found.

The judgment is reversed and cause remanded, with directions to dismiss the action at plaintiff's cost.

Decision *en banc.*