No. 19,012.

FRANCIS WATERMAN, D/B/A FOURTH STREET AUTO
WRECKERS *v.* RALPH PERROTTA.
(355 P. [2d] 313)

Decided September 19, 1960.

Mr. JOHN R. WALL, for plaintiff in error.

Mr. PHILIP J. CABIBI, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their appearance in the trial court. We refer to them by name.

Perrotta, on July 14, 1955, loaned to August Waterman, hereinafter referred to as August, brother of plaintiff in error, Francis Waterman, the sum of $1700.00 and received as evidence of said indebtedness the promissory note of August, payable at the rate of $200.00 each month after the date thereof.

At the time of this loan, August was in charge of the business known as "Fourth Street Auto Wreckers." The trial court found, and the evidence supports the finding, that August at that time was the sole owner and operator of said business. On September 2, 1955, August sold and delivered to Francis all of said business, the assets thereof being 149 auto bodies, 79 motors, 55 radiators, and 20 tons of iron. Consideration for the sale was $50.00 paid by Francis to August and the assumption by Francis of the business debts.

Other than taking an inventory of the physical assets and placing a value thereon, the brothers made no effort to comply with the so-called Bulk Sales Law, C.R.S. '53, 18-1-1, et seq.

After the purchase from August, Francis paid off all of the known debts of the business in the total amount of $4,008.00. He knew nothing of the note of Perrotta until after the death of August, on November 1, 1955. At that time the unpaid balance due on the note was $1500.00 — August having made one $200.00 payment to Perrotta on August 29, 1955.

About December 1, 1955, Perrotta made demand on Francis for the balance due on the note of August, which being refused, the instant action was commenced.

Perrotta's complaint is predicated on the failure of Francis to comply with the Bulk Sales Law. He asks that Francis be declared a receiver and compelled to account for all of the assets obtained from August as provided in 18-1-3.

The trial court found the issues in favor of Perrotta and on failure of Francis to account entered a money judgment against him for the sum of $1500.00, interest and costs.

Francis is here by writ of error seeking reversal.

The trial court properly held that the sale was not in the regular course of business and falls within the conditions and inhibitions of C.R.S. '53, 18-1-1, et seq.

█ Counsel for Francis urge that there is no evidence in the record to indicate that the $1700.00 loan was a loan to the business "Fourth Street Auto Wreckers," or that any part thereof was used for the purchase of any of the articles sold in bulk or for the conduct of said business. This fact is immaterial.

The trial court properly held that Perrotta was a creditor as described in the Bulk Sales Act and entitled to all of the rights of a creditor. This holding conforms to well settled pronouncements of this court, digests and text writers.

In *Ratliff, et al. v. Davis, et al.,* 133 Colo. 315, 294 P. (2d) 1109, it was said:

"It appears to be well settled that secured creditors are included in the term creditors within the contemplation of the bulk sales law.

\* \* \*

"Notwithstanding a division of authority exists on the question of whether 'creditors' under the Bulk Sales laws include creditors whose claims have not matured, the general rule, supported by the weight of authority, appears to be that they are included. If such a restricted meaning should be given the statute, limiting it to creditors whose claims are presently due and owing, then a great class of creditors is excluded from the bene-

ficent protection afforded by the statute, and the way is opened for fraudulent transfers to avoid undesired or ill-advised purchases, leases, or services. The instant case, grounded not only on the statute but on allegations of fraud sustained by the court, is a plain example of the injustice which may ensue if the statute be given the narrow construction urged by defendants."

In Williston on Sales, Revised Edition, §643a, Vol. 3, it is said:

" * * * protection is not confined to merchandise creditors or to those whose claims existing at the time of the sale, are not yet due. * * *."

See cases collected in 84 A.L.R., note at page 1040.

The trial court in entering judgment for $1500.00 was in error. The statute does not contemplate that the purchaser in bulk shall be personally answerable for the debts of the seller. Rather it makes the property transferred subject to claims of creditors and provides procedures for subjecting the property to such purpose. Failure to comply with the statute does not give a creditor greater rights than he could have asserted had there been full compliance. The statute, 18-1-3, expressly provides that:

"Any purchaser * * * who shall not conform to the provisions of this article * * * shall become a receiver and be held accountable * * * for all the goods, wares, * * * that have come into his possession by virtue of such sale * * *."

The record shows without doubt or contradiction that the value of the property sold and purchased was $3320.00 and that Francis paid other creditors $4008.00. Thus it appears that the total amount due August's creditors, including Perrotta's claim of $1518.50, was $5526.50.

Francis did not receive property of sufficient value to pay all creditors in full. He could pay out of property, for which he under the statute was made account-

able, only $\dfrac{332000}{552650}$ %, or 60% on all debts owing by August. On the claim of Perrotta this amounts to $910.80, and judgment for any amount in excess thereof is erroneous.

The judgment is ordered modified by reducing the amount thereof to $910.80, and as so modified is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DAY concur.