477 P.2d 465 (1970)
Sam MOSKOWITZ, Plaintiff in Error,
v.
MICHAELS ARTISTS AND ENGINEERING SUPPLIES, INC., a California corporation authorized to do business in the State of Colorado, Defendant in Error.
No. 70-359, (Supreme Court No. 23466.)
Colorado Court of Appeals, Div. I.
November 24, 1970.
*466 Landrum & Pierce, Robert G. Pierce, Denver, for plaintiff in error.
Erick K. Puredy, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Defendant in error (hereinafter "plaintiff") sued Moskowitz and others to recover approximately $2,100 for goods sold and delivered. Neither Moskowitz nor the other defendants appeared and default judgment was entered against all defendants. Two months thereafter Moskowitz filed a motion to set aside the default judgment and to permit him to file an answer. The proposed answer was also filed. The trial court denied the motion. Moskowitz asserts error and urges that the denial of his motion was an abuse of discretion. We agree with the trial court and affirm the ruling.
The law applicable to this case is set out in R.C.P.Colo. 55(c) which provides:
"For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."
Rule 60(b) provides, in applicable part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect; * * * or
(5) any other reason justifying relief from the operation of the judgment. * * *"
The Supreme Court, in Riss v. Air Rental, Inc., 136 Colo. 216, 315 P.2d 820, interpreted Rule 60(b) as follows:
"In cases such as this the defendant must establish his grounds for relief by clear, strong and satisfactory proof. * * *
"* * * [T]he authorities hold that it is not sufficient to show that the neglect, which brought about the default, *467 was excusable. The defendant must show a meritorious defense to the action.
* * * * * *
"It is the universally accepted rule that a motion to vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its determination will not be disturbed on review unless it clearly appears that there has been an abuse of that discretion."
Moskowitz' affidavit shows that a trial court co-defendant, Martin, individually, and operating through another co-defendant, a corporation, had conducted the business which incurred the debt sued upon. After the debt was incurred and after much negotiation, Moskowitz purchased forty-nine percent of the inventory, equipment, and other assets of the business and paid approximately $5,000 therefor. This was the admitted value of the property purchased.
Thereafter Moskowitz participated in the enterprise, either as a partner or through a newly organized corporation. However, it is immaterial whether he retained title to the assets or transferred them to a corporation. Since he failed to comply with the provisions of the Commercial CodeBulk Transfers (C.R.S. 1963, XXX-X-XXX et seq.), the transfer of the assets to Moskowitz was "ineffective" as against plaintiff, who had a liquidated claim against the transferor. C.R.S.1963, XXX-X-XXX. See, Aluminum Shapes, Inc. v. K-A-Liquidating Co., D.C., 290 F.Supp. 356.
In Darby v. Ewing's Home Furnishings, D.C., 278 F.Supp. 917, the court stated:
"* * * [I]t is abundantly clear that a `Bulk Sales' transferee who fails to comply with the sections of the Uniform Commercial Code * * * renders himself personally liable to creditors of transferor for the value of the property purchased or the amount he paid therefor."
The value of the assets purchased by Moskowitz exceeded the amount of plaintiff's claim and Moskowitz thus failed to demonstrate a valid defense to the action.
Moskowitz' affidavit, on its face, shows that his purchase of the business assets was consummated on January 13, 1967. The action was commenced on June 15, 1967. Thus, the asserted defense that the claim was barred by the six months statute of limitations contained in C.R.S.1963, XXX-X-XXX, has no merit.
[2] Further the affidavit and motion show that, when Moskowitz was served with the summons, he turned it over to Martin who promised to protect Moskowitz. They further show that, as part of the transaction between Moskowitz and Martin, Martin had agreed in writing to pay all debts of the business prior to the closing of the deal. The bringing of this suit was a clear indication that Martin had breached his agreement. It was, or should have been, evident to Moskowitz that his interest in the action was adverse to that of Martin. His reliance on Martin to "take care of the matter" under these circumstances did not constitute excusable neglect.
Moskowitz failed to show either excusable neglect or a valid defense.
The judgment is affirmed.
COYTE and DUFFORD, JJ., concur.