560 P.2d 855 (1977)
D. J. YOUNG and D. J. Y. Corporation, Plaintiffs-Appellants,
v.
GOLDEN STATE BANK, Defendant-Appellee, and
William V. Williams et al., Defendants.
D. J. YOUNG and D. J. Y. Corporation, Plaintiffs-Appellees,
v.
William V. WILLIAMS et al., Defendants, and
Golden Restaurants, Inc., and John D. Nelson, Defendants-Appellants.
Nos. 76-129, 76-328.
Colorado Court of Appeals, Div. 3.
February 17, 1977.
*857 Robert W. Caddes, Denver, for D. J. Young and D. J. Y. Corp.
Bradley, Campbell & Carney, William J. Campbell, Golden, for defendant-appellee Golden State Bank.
Holland & Hart, Edward M. Giles, Denver, for defendants-appellants Golden Restaurants, Inc., and John D. Nelson.
Selected for Official Publication.
ENOCH, Judge.
This is a consolidation of the appeal of plaintiffs, D.J. Young and D.J.Y. Corporation, from a judgment dismissing their action against Golden State Bank, and the appeal of defendants Golden Restaurants, Inc., and John D. Nelson of a judgment entered against them for $53,039.37, together with interest and costs, in favor of plaintiffs.
On October 31, 1971, Young entered into an agreement to sell a tavern in Golden to one Williams. Young agreed to sell the business, including assets, good will, furniture, furnishings, and inventory to Williams, and it was also contemplated that Williams would set up a corporation to be known as the Bar One Corporation, to which the rights under the agreement would be assigned. The agreement further contemplated that a lease for the building in which the business was located would be executed subsequently. An installment payment plan was also included in the purchase sale agreement, and Young reserved the right to retake possession of the business and its assets upon default, retaining all sums paid as liquidated damages. On December 31, 1971, a lease for the premises was in fact executed between the D.J.Y. Corp. and Bar One Corp. Neither the purchase sale agreement, the subsequently-executed lease, nor a separate financing statement *858 was ever filed or recorded by plaintiffs.
However, financing statements which had been filed were introduced into evidence indicating that Bar One had granted a security interest in all of its furniture, furnishings, and equipment, including that located at the address of the tavern, to Jefferson Bank and Trust, and also to Golden State. The actual security agreements were not introduced into evidence, although it appears from the record that Jefferson Bank and Trust assigned its security interest in all assets of the business to Golden State, except an interest in the leasehold estate, which it retained.
In March 1974, both Jefferson Bank and Trust and Golden State Bank foreclosed on their respective security interests and sold the business, including all assets, to Nelson and Golden Restaurants. Nelson had knowledge of the agreement and the lease between plaintiffs and Bar One prior to making the purchase, and in fact notified plaintiffs that he would not make the payments required under the purchase sale agreement. After the foreclosure, rents payable under the lease were paid by Nelson and Golden Restaurants through January, 1975. Later lease payments were not made, or were tendered to and refused by plaintiffs as a result of this litigation.
Plaintiffs' theory of the case is that they owned the assets, and that, at most, the foreclosure sale acted as an assignment of the contractual rights and duties under the agreement and lease. Defendants' theory is that plaintiffs held, at most, a security interest in the assets, that such security interest was invalid, and that, even if valid, it was unperfected and therefore subordinate to the recorded and perfected security interests of the banks.
I. Appeal No. 76-129.
Plaintiffs contend that the court erred in dismissing their claims against Golden State Bank at the conclusion of plaintiffs' case. We agree in part.
Plaintiffs first contend that because they had not delivered a bill of sale to Williams or Bar One, Bar One had no interest in the assets for which it could grant a security interest. This argument is without merit.
Plaintiffs' testimony revealed that it was their intent to sell the business and its assets to Bar One. The failure to deliver the bill of sale after giving the buyer possession of the assets was, at most, a reservation of title, and as such acted as a reservation of a security interest in the property. Sections 4-2-401(1) and 4-9-202, C.R.S. 1973.
Plaintiffs' argument that title could not pass because the goods were not identified to the contract is also without merit. The goods obviously became identified when the buyer took possession of the business.
In support of the judgment defendants contend that plaintiffs' security interest was not valid or enforceable. We disagree.
A security interest is enforceable when the debtor has signed a security agreement which contains a description of the collateral. Section 4-9-203(1)(b), C.R.S. 1973. A security agreement is an agreement which provides for a security interest, § 4-9-105(1)(h), C.R.S.1973, and a security interest is an interest in personal property or fixtures which secures payment or performance of an obligation. Section 4-1-201(37), C.R.S.1973. With these definitions in mind, an examination of the agreement between Young and Williams shows that the agreement was clearly sufficient to create a security interest and act as a security agreement with respect to the assets sold to Bar One.
Defendants also contend that the goods were not sufficiently described to create an enforceable security interest. Again, we disagree.
Except in the case of consumer goods, a description of personal property is sufficient if it reasonably identifies what is described. Section 4-9-110, C.R.S.1973. The sales agreement here contains a sufficient *859 description to give plaintiffs a security interest in the assets, furnishings and inventory (including alcoholic beverages) of the business. Also, since plaintiffs had the right to repossess all business assets upon default, the security agreement was not limited to assets existing at the time of transfer of the business.
Although plaintiffs had a valid security interest, it was not perfected, and was therefore subordinate to the perfected security interest of the banks. Sections 4-9-301(1), 302(1), & 312, C.R.S.1973. However, this did not necessarily relieve the banks of a duty toward plaintiffs. Section 4-9-504(3), C.R.S.1973, requires that, except under circumstances not present here, notice with regard to a sale by a secured party be given to the debtor, and "to any other person who has a security interest in the collateral and who has duly filed a financing statement ... or who is known by the secured party to have a security interest in the collateral. (emphasis added)
Here, there was undisputed testimony that all defendants were aware of the agreement between Young and Williams, and that defendant banks in fact agreed to indemnify Nelson and Golden Restaurants against claims arising from the original agreement. If Golden State failed to give notice as required by § 4-9-504, plaintiffs were entitled to recover for losses caused by the failure to comply. Section 4-9-507(1), C.R.S.1973. From the record, the debt owing to Golden State at the time of foreclosure was approximately $45,000, but the foreclosure sale grossed $110,000. The difference is unaccounted for, and therefore plaintiffs, by their case-in-chief, had presented a prima facie case of loss caused by lack of notice.
We are not concluding that the loss to plaintiffs occurred as a result of the failure of Golden State to give notice. We do hold, however, that it was error to dismiss the claim of plaintiffs against Golden State on the state of the evidence at the close of plaintiffs' case. On plaintiffs' evidence, no reasonable person could conclude that they had notice of the sale, or that lack of notice did not cause them loss. See Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284. Thus, Golden State should have been required to proceed with its case, if any, to rebut this evidence by plaintiffs.
The judgment in appeal No. 76-129 dismissing plaintiffs' claims against the Golden State Bank is reversed, and the cause is remanded with directions to grant plaintiffs a new trial against this defendant.
II. Appeal No. 76-328.
Defendants Nelson and Golden Restaurants claim that the court erred in awarding a judgment of $53,039.37 against them in favor of plaintiffs. We agree in part. The court apparently found that, as a result of Nelson's and Golden Restaurants' purchase of the tavern business, including Bar One's lease interest in the building, from the foreclosing banks, they assumed the contractual obligations of Bar One. This holding is in error.
A security interest may be created in numerous types of assets, including contract rights. Section 4-9-102(1)(a), C.R. S.1973. However, there is no evidence in the record supporting the court's conclusion that Nelson and Golden Restaurants were purchasing Bar One's contractual rights under the original written agreement. Rather, the evidence in the record shows only that the foreclosure and sale was of the tangible assets of the business. Since there is no evidence that the purchasers at the foreclosure sale affirmatively assumed the contractual liabilities of Bar One, the purchasers are not liable for these contractual obligations. See § 4-9-317, C.R.S.1973; Farmers Acceptance Corp. v. DeLozier, 178 Colo. 291, 496 P.2d 1016.
Plaintiffs' contention that the lease and agreement were one contract and therefore inseparable is without merit. Bar One's lease interest was merely another asset of the business, and purchase of this interest did not constitute an assumption by the purchasers of any contractual obligation of Bar One toward plaintiffs; rather, the foreclosure, *860 which included the lease interest, acted as an assignment of the lease, and the obligations for which the purchasers became liable under the lease resulted solely from their being in privity of estate, and not from any privity of contract with plaintiffs. Bonfils v. McDonald, 84 Colo. 325, 270 P. 650.
The only other grounds upon which liability against the foreclosure purchasers could be found is if, in the case of a private sale, as was the nature of the sale here, the purchasers did not act in good faith. Section 4-9-504(4)(b), C.R.S.1973. Good faith means honesty in fact in the conduct or transaction concerned. Section 4-1-201(19), C.R.S.1973.
The knowledge that plaintiffs had an interest in the collateral is not in itself evidence of bad faith, as the foreclosing parties' security interest here was superior to that of plaintiffs. Furthermore, the purchasers paid a substantial price ($110,000) for the assets. Knowledge that the holder of a subordinate security interest had not been given the notice required by § 4-9-504, C.R.S.1973, might be evidence of a want of good faith on the part of a purchaser. However, while Nelson and Golden Restaurants had knowledge that the purchase contract existed, there was no evidence that they knew that Golden State failed to give the notice required by § 4-9-504, C.R.S.1973.
Defendants further contend that plaintiffs should be denied recovery under the lease because Young was the owner of the property, while D.J.Y. Corp. was denominated as the lessor in the lease agreement. Inasmuch as Young signed the lease as president of D.J.Y. Corp. and defendants paid rent under the lease without objection for several months, we find this contention to be without merit.
Since Nelson and Golden Restaurants did not assume any obligations under the original contract of purchase and there was no evidence of bad faith on their part, we hold that they are not liable to plaintiffs for losses attributable to the sale of the business assets of the tavern, which amount was found by the court to be $50,676.37. They are, however, liable for rent due ($2,363) as a result of the lease interest they purchased because they were in privity of estate with plaintiffs.
Plaintiffs' judgment in appeal No. 76-328 against Nelson and Golden Restaurants, Inc., is hereby modified to $2,363, plus costs and interest on this amount of the judgment from the date originally entered by the trial court, and as modified, is affirmed.
COYTE and RULAND, JJ., concur.