589 P.2d 1381 (1978)
D. J. YOUNG and D. J. Y. Corporation, Plaintiffs-Appellants,
v.
GOLDEN STATE BANK, Defendant-Appellee, and
William V. Williams, Bar One Corporation, Jefferson Bank and Trust and John D. Nelson, Defendants.
No. 78-555.
Colorado Court of Appeals, Div. III.
November 2, 1978.
Rehearing Denied November 24, 1978.
Robert W. Caddes, Denver, for plaintiffs-appellants.
Bradley, Campbell & Carney, William J. Campbell, Golden, for defendant-appellee.
PIERCE, Judge.
Plaintiffs, D. J. Young and D. J. Y. Corporation, appeal the district court's judgment dismissing their claim against defendant, Golden State Bank. We reverse.
The factual details surrounding this case are fully presented in Young v. Golden State Bank, Colo.App., 560 P.2d 855 (1977). Insofar as is pertinent here, plaintiffs acquired a security interest in certain business assets when they sold those assets on an installment basis to Bar One Corporation. This interest was never perfected by filing. The bank subsequently acquired and perfected a security interest in those same assets. When Bar One began to experience financial difficulties, it entered into a foreclosure arrangement with the bank under which the bank took title to the assets, sold them to a third party, and distributed the proceeds to various creditors of Bar One, including itself but excluding plaintiffs. Plaintiffs brought this action under § 4-9-507(1), C.R.S.1973 which gives persons entitled to notification of a disposition under § 4-9-504(3), C.R.S.1973, a right to recover against noncomplying secured parties:[1]
"4-9-507. Secured party's liability for failure to comply. (1) If it is established that the secured party is not proceeding in accordance with the provisions of part 5 of this article, disposition may be ordered or restrained on appropriate terms *1382 and conditions. If the disposition has occurred, the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of said sections."
The district court initially dismissed plaintiffs' claim against the bank at the conclusion of plaintiffs' case, apparently on the ground that plaintiffs had no enforceable security interest and consequently had no right to notification under § 4-9-504(3). This court reversed that judgment, holding that plaintiffs had a valid though unperfected security interest, and were thus entitled to notification. Young v. Golden State Bank, supra. We remanded the cause for a determination of 1) whether the bank did in fact notify plaintiffs of the disposition, and 2) if not, whether and to what extent plaintiffs suffered damage by the bank's noncompliance. On remand, the parties stipulated that no notification of the disposition was sent to plaintiffs.
The district court found that plaintiffs were not entitled to notification under § 4-9-504(3) since the bank had no actual or constructive knowledge of the existence of plaintiffs' security interest. This finding is unsupported by the evidence. The parties stipulated that:
"When it signed the Indemnification Agreement . . . on March 29, 1974, defendant, Golden State Bank learned of the existence of an agreement dated October 31, 1971, between Young and Williams (Bar One) . . .."
Since, as the prior opinion in this case makes clear, the agreement between plaintiffs and Bar One created in plaintiffs a valid security interest, this stipulation is tantamount to an admission that the bank knew of plaintiffs' status as a secured party before it disposed of the assets. Indeed, we view the trial court's finding to the contrary as being outside the scope of this court's prior remand.
The trial court also erred in failing to make findings with respect to the amount of plaintiffs' damages. The resolution of the damages issue requires an inquiry into the disposition of the proceeds after defendant took out its share. If the excess went to secured creditors with priority over plaintiffs, then plaintiffs have not been damaged by the bank's failure to give notification.[2] However, if any portion of the excess was distributed to creditors with priorities lower than plaintiffs', then plaintiffs have a right to recover that amount from the bank. Section 4-9-507(1), C.R.S. 1973.
The trial court failed to make findings on this crucial issue, since it held that such findings were precluded by the court's lack of jurisdiction over some of the recipients of the proceeds. However, the trial court has misconceived the nature of the remedy provided by § 4-9-507(1), C.R.S.1973. Plaintiffs are not requesting a return of the proceeds. They do not seek, nor under § 4-9-507(1) are they authorized to seek, an adjudication of the rights of the parties to whom assets have already been distributed. Rather, they have brought an independent action under § 4-9-507(1) for the bank's admitted failure to comply with the notification procedures. The trial court's lack of jurisdiction over the recipients of the proceeds is therefore immaterial.
The judgment dismissing plaintiffs' claim is reversed, and the cause is remanded for a new trial on the limited issue of damages. The trial court is directed to make specific findings as to each of the recipients' priority with respect to plaintiffs. To the extent *1383 that any assets were distributed to persons with a lower priority than plaintiffs, the trial court is directed to enter judgment for plaintiffs and against the bank in that amount.
RULAND and VanCISE, JJ., concur.
NOTES
[1] The requirement of § 4-9-504(3) that other secured parties be notified of a proposed disposition was recently eliminated. Colo.Sess.Laws 1977, ch. 62, p. 337. However, the cause of action here arose before the effective dates of these amendments.
[2] Of course, debtors and junior secured parties have an interest in insuring that disposition of the collateral will yield a maximum in proceeds, but plaintiffs here presented no evidence that the value of Bar One's business assets were not fully realized. See generally Comment, Remedies for Failure to Notify Debtor of Disposition of Repossessed Collateral Under the U.C.C., 44 U.Colo.L.Rev. 221 (1972). Cf. Community Management Assn. v. Tousley, 32 Colo.App. 33, 505 P.2d 1314 (1973) (in an action for deficiency judgment, burden of proof shifts to secured party to prove value of collateral was not enough to secure debt). See also 1 A. Bender's Uniform Commercial Code 8.06(2) (1977).