**JOHN BOYLE AND COMPANY,**
**Plaintiff-Appellee,**

v.

**COLORADO PATIO AND AWNING CO., INC., A-Canopy and Awning, Inc., and Charles Basham, Defendants-Appellants,**

**Gloria Basham, Defendant.**

**No. 81CA1260.**

Colorado Court of Appeals,
Div. I.

July 15, 1982.
Rehearing Denied Aug. 12, 1982.
Certiorari Denied Nov. 15, 1982.

Weinshienk, Miller, Borus & Permut, Edward W. Stern, Denver, for plaintiff-appellee.

George Alan Holley & Associates, Dennis B. Polk, Golden, for defendants-appellants.

COYTE, Judge.

Defendants Colorado Patio and Awning Co., Inc. (Colorado Patio), A-Canopy and

Awning Inc. (A-Canopy), and Charles Basham appeal from the judgment entered against them for merchandise sold by plaintiff, John Boyle and Company, to defendant Colorado Patio. We affirm.

During the first several months of 1978 plaintiff sold goods to Colorado Patio for an agreed price of $21,402.87 plus interest at the time of trial of $3,553.45. In February 1978 Charles Basham, president of Colorado Patio, loaned Colorado Patio $21,000 evidenced by a promissory note and financing statement. In May of 1978, Basham loaned Colorado Patio another $44,000 evidenced by a second promissory note and financing statement.

In September 1978, Colorado Patio had financial difficulties and ceased doing business. It transferred its assets to Basham who started a new company, A-Canopy.

When Basham started A-Canopy he transferred the assets which he received from Colorado Patio to the new company and received shares of stock in exchange therefor. Basham was the sole stockholder of Colorado Patio and also became the sole stockholder of A-Canopy. The full time employees of A-Canopy were all former employees of Colorado Patio. A-Canopy completed job assignments that had formerly been business of Colorado Patio. There was no effort to comply with the Bulk Sales Act when the corporate assets of Colorado Patio were transferred to Basham.

On appeal, defendants contend first that Charles Basham was a secured creditor of Colorado Patio and, therefore, did not have to comply with the Bulk Sales Act. We disagree.

■ There was no security agreement signed between Basham and the company and the financing statement cannot suffice as a security agreement. Section 4–9–402(1), C.R.S. 1973; *J. White & R. Summers, Uniform Commercial Code* § 23–3 at 790 (1972). Consequently, Basham was not a secured creditor, and therefore, he had to comply with the requirements of the Bulk Sales Act, § 4–6–102 and 4–6–103, C.R.S. 1973.

■ The Bulk Sales Act provides that any bulk transfer is ineffective against any creditor of the transferor unless he receives notice of the transfer. Section 4–6–105, C.R.S. 1973; *Moskowitz v. Michaels Artists & Engineering Supplies, Inc.,* 29 Colo.App. 44, 477 P.2d 465 (1970). Hence, the transfer of the assets by Basham was ineffective to deprive plaintiff as creditor of Colorado Patio of its claim.

Basham also claims that plaintiff had the burden of proving the value of the goods transferred and that neither he nor his new company could be liable for more than the actual value of the goods transferred.

As stated in *Crowley v. Green,* 148 Colo. 142, 365 P.2d 230 (1961), quoting *Fishel v. Goddard,* 30 Colo. 147, 69 P. 607 (1902):

" 'The relationship of a director of a corporation to the legal entity which he represents is fiduciary, and the law treats him as a trustee in this respect .... A purchase by him of corporate assets may not be void *ab initio* as to creditors, but he will not be permitted to reap a benefit to their detriment by dealing in them as a third party, because the law inhibits a trustee from speculating in the subject matter of his trust. Hence, it follows, that if he does purchase corporate assets he must account to those who have the right to demand it for the full value of the property so purchased.' "

■ Here, Basham was the president and sole stockholder of Colorado Patio and knew of the indebtedness to plaintiff. Where he was, in effect, dealing with himself, there was a fiduciary relationship between himself and the corporation. And, where he acquired the assets of Colorado Patio and transferred them to A-Canopy knowing of the indebtedness to plaintiff, he "must account to those [the plaintiff] who have the right to demand it for the full value of the property." He did not account for the value of the property transferred, merely contending that plaintiff had the burden of showing the value of the property transferred. Hence, since defendant failed to demonstrate that the value of the property transferred was less than the debt owing to plaintiff, the trial court properly entered judgment against defendant for the full

amount of plaintiff's claim. *B & K Distributing, Inc. v. Drake Building Corp.*, 654 P.2d 324 (Colo.App. No. 80CA0188 announced June 3, 1982.)

Defendant last contends that the trial court erred in entering judgment against him individually since he only acted as an intermediate transferee in the transfer of assets. We disagree.

Since defendant, as director and shareholder of the corporation, breached his fiduciary obligation not to defeat the claims of third-party creditors, the trial court properly entered judgment against defendant individually.

Furthermore, since A-Canopy acquired the property from Basham knowing of the claim of plaintiff, the trial court properly entered a judgment against A-Canopy. *B & K Distributing, Inc. v. Drake Building Corp., supra.*

Judgment affirmed.

ENOCH, C.J., and SMITH, J., concur.