**CINOCCO REALTY, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**J.L.J., LTD., a Colorado corporation, Defendant-Appellant.**

**No. 84CA1135.**

Colorado Court of Appeals, Div. IV.

March 12, 1987.

Michael F. Morrissey, Denver, for plaintiff-appellee.

Keene & Munsinger, Kenneth L. Keene, Jr., Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

In this action for the collection of a broker's commission, the defendant, J.L.J. Ltd., appeals the judgment entered against it in favor of the plaintiff, Cinocco Realty, Inc. We affirm.

The record discloses that plaintiff and Gary A. Buzan executed an exclusive list-

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

ing agreement for the sale of Buzan's liquor store business. As a result of plaintiff's efforts an agreement was executed for the sale of the business to defendant for $75,000. The listing agreement and the agreement of sale both provided for a broker's commission of ten percent of the purchase price.

Later, without plaintiff's knowledge, seller and defendant amended their contract, reducing the purchase price to $71,000, and eliminating the broker's commission. Plaintiff, through its president, first learned the terms of the amended agreement at the closing. At that time, he demanded full payment of the original negotiated commission, and received a $2,000 partial payment. The balance was not paid.

The plaintiff, claiming as a creditor under the Bulk Transfer Act title of the Uniform Commercial Code, § 4–6–101, et seq., C.R.S. (the Act), sued the defendant, alleging that the defendant's noncompliance with the Act made defendant liable for the remainder of plaintiff's commission. After trial to the court, judgment was entered in favor of the plaintiff in the amount of $5,000.

As pertinent here, § 4–6–104, C.R.S. provides that when a bulk transfer, such as occurred here, takes place, the transferee shall require the transferor to furnish a list of his existing creditors. Section 4–6–105, C.R.S., provides that:

"[A]ny bulk transfer subject to this article ... is ineffective against any creditor of the transferor unless at least ten days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of the transfer in the manner and to the persons hereafter provided (section 4–6–107)."

Section 4–6–107 sets forth the information which the notice must contain, and then states:

"(3) The notice in any case shall be delivered personally or sent by registered or certified mail to all the persons shown on the list of creditors furnished by the transferor ... and to all other persons who are known to the transferee to hold or assert claims against the transferor."

A list of creditors, which did not include plaintiff, was furnished to the defendant as the transferee, J.L.J. However, defendant knew that plaintiff had a claim for his commission against the transferor. Nevertheless, no notice, as provided in the Act, was delivered to the plaintiff.

## I.

On appeal, the defendant contends first that plaintiff was not a creditor prior to the transfer of the assets at the closing and, therefore, was not a creditor protected by the Act. We do not agree.

Plaintiff became entitled to the commission when it produced a ready, willing, and able buyer. The purchase and sales agreement was signed by the parties four months prior to the bulk transfer. At that time, plaintiff had earned, and was entitled to, the commission. *Pueblo v. Leach Realty Co.*, 149 Colo. 92, 368 P.2d 195 (1962); *Mack v. McKenna*, 687 P.2d 1326 (Colo. App.1984). Further, the subsequent amending of the contract by the parties thereto did not alter that fact. *See Brewer v. Williams*, 147 Colo. 146, 362 P.2d 1033 (1961).

Defendant also contends that a broker is not the type of creditor the Act was designed to protect. Again, we disagree.

Section 4–6–105 specifically provides that a bulk transfer is ineffective against *any* creditor of the transferor, unless given a proper statutory notice. Also, § 4–6–107 states that the requisite notice must be given to *"all other persons* who are known to the transferee to hold or assert claims against the transferor." (emphasis supplied) *See John Boyle & Co. v. Colorado Patio & Awning Co.*, 654 P.2d 335 (Colo. App.1982). Moreover, the Uniform Commercial Code at § 4–1–201(12), C.R.S., states the word "creditor" as used in the Act "includes a general creditor." Plaintiff was a general creditor of the transferor and, as such, is protected by the Act. *See Waterman v. Perrotta*, 144 Colo. 117, 355 P.2d 313 (1960); and Annot., 84 A.L.R. 1406.

## II.

Defendant next asserts that, because plaintiff knew of the transfer, delivery of statutory notice to it was not required. We disagree.

In interpreting a statute, we must construe it in light of the legislative intent, and must "consider the ends the statute was designed to accomplish and consequences which would follow from alternative constructions." *Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978); *see Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984).

The Act is designed to prevent commercial fraud, including that occurring when a merchant, owing debts, sells out his stock in trade, pockets the proceeds, and leaves his creditors unpaid. Section 4–6–101, C.R.S. (Official Comment 2). In particular, the notice provisions are the heart of the Act, *See* § 4–6–105, C.R.S. (Official Comment 1), and are designed to give creditors the details and circumstances of the sale in time for them to investigate the transfer and to determine what steps, if any, should be taken to stop the sale. *See* § 4–6–101, C.R.S. (Official Comment 3).

We conclude that strict conformity with the provisions of the Act is necessary in order for the buyer to avoid the sanctions imposed for non-conformance. As was stated by our Supreme Court in a case involving interpretation of a chattel mortgage recording statute,

> "Any other construction would defeat the purpose and object of the statute as to notice, and thus afford opportunity for the perpetration of fraud and deception, to prevent which was the primary object of the act." *Stitt v. Spengel House Furnishing Co.,* 58 Colo. 559, 146 P. 770 (1915).

Therefore, we hold that a creditor's generalized knowledge of an impending bulk sale will not serve as a substitute for the notice required by §§ 4–6–105 and 4–6–107, C.R.S.

Here, plaintiff, although knowing of the sale, was not aware until the sale actually occurred that it was not included on the transferor's list of creditors and that it was also not included in the list of creditors whose claims would be paid by the buyer. Compliance with the Act would have given plaintiff notice of these important elements of the transfer. Failure to comply rendered the sale ineffective as to plaintiff, thus entitling it to pursue this remedy.

## III.

We find no merit in defendant's claim that the judgment was excessive and unsupported by the evidence. The evidence conclusively established that the balance due on the commission exceeded the $5,000 awarded to plaintiff. The undisputed evidence discloses that the value of the goods transferred, and the amount paid therefor, greatly exceeded the amount claimed and awarded. Therefore, the judgment was properly entered. *Moskowitz v. Michaels Artists & Engineering Supplies, Inc.,* 29 Colo.App. 44, 477 P.2d 465 (1970).

## IV.

Further, we find no merit in defendant's contention that admission into evidence of certain of its exhibits was improperly denied.

The judgment is affirmed.

STERNBERG, J., and HODGES, Justice,* concur.