Doug BRINK, a/k/a Douglas F. Brink, Plaintiff and Third–Party Defendant–Appellee,

v.

Arthur P. McNEIL, Defendant,

and

Lois McNeil, Third–Party Plaintiff and Intervenor–Appellant.

No. 86CA1569.

Colorado Court of Appeals, Div. V.

Aug. 11, 1988.

Robert James Schubert, Fort Collins, for third-party plaintiff and intervenor-appellant.

No Appearances for plaintiff and third-party defendant-appellee or for defendant.

VAN CISE, Judge.

Third-party plaintiff and intervenor, Lois McNeil (Lois), appeals the denial of her claim that a horse she owned was exempt from execution to satisfy a judgment against her ex-husband, defendant Arthur P. McNeil (Arthur). We reverse.

The record shows that in 1980, Arthur and Lois, then husband and wife, became registered owners of a quarter horse stallion named Freckles Beachboy. In January 1984, they entered into an arrangement for sale of a ¼ interest in the stallion to plaintiff/third-party defendant, Doug Brink, payable $10,000 down with the balance to be paid in subsequent years. In July 1984, Brink "relinquished" his interest in ex-

change for a $10,000 interest bearing note from Arthur, payable in November 1984. Arthur did not pay when due, and Brink brought this action against him in February 1985 to collect on the note.

Early in June 1985, Lois and Arthur commenced a dissolution of marriage action. On June 24, Lois bought Arthur's interest in the horse for $5,000. An entry was made on the American Quarter Horse Association (AQHA) certificate of registration showing her as the owner from that date. The horse had been in the possession of both from 1980 until April 1985 and in Lois' possession thereafter.

In the note action, judgment was entered in February 1986 in favor of Brink and against Arthur. In March, a writ of execution was issued, and on April 29 the horse was seized by the sheriff. On May 7, Lois moved to intervene and filed a claim of exemption on the basis that the horse was not the property of Arthur, that she had an ownership interest, and that it should be released to her.

In the dissolution action, a decree dissolving the marriage was entered April 10, 1986. On July 15, the parties stipulated that Lois had paid $5,000 for his interest and that the horse was hers. On July 24, the dissolution court approved the stipulation and awarded the horse to Lois as her sole and separate property. In their September 8 separation agreement, they reiterated that the horse belonged to Lois, and agreed that Arthur was obligated to pay Brink. This agreement was incorporated into the final orders entered September 25.

In the note action, a hearing was held on August 29 on Lois' claim of exemption. In its September 9 order, the trial court found: that the horse had been owned by Arthur and Lois and registered with AQHA to them; that on June 24, 1985, Arthur conveyed his interest to Lois for $5,000; that a registered animal can be sold without a change of registration but that "[t]he value lies in the registration"; and that "[t]he registered owners are the owners of the real value attributable to a registered animal." It then held that "[t]he horse ... and the value represented by the registra-

tion," is owned by Arthur and Lois, as tenants in common. Lois' claim of exemption as a result of Brink's levy against Arthur's interest in the horse was denied, and she was ordered to cooperate in the sheriff's sale of that interest. Supersedeas bond was posted, and the sale was stayed pending this appeal.

■ Lois contends that the trial court erred as a matter of fact in finding, and as a matter of law in holding, that Arthur had an interest in the horse subject to levy in 1986. We agree.

■ The document by which Arthur transferred his interest in the horse was dated "6–24–85," was signed by him, and stated:

> "I Art McNeil hereby release my share in Freckles Beachboy # 1178071 to Lois McNeil in the sum of $5,000.00."

The AQHA registration number for the horse is 1178071.

This document is, in effect, a bill of sale, but it does not strictly comply with the requirements of § 35–54–103, C.R.S. (1984 Repl.Vol. 14) pertaining to bills of sale for sale of livestock. Therefore, the transfer is governed by the applicable provisions of the Uniform Commercial Code. *Cugnini v. Reynolds Cattle Co.*, 687 P.2d 962 (Colo. 1984).

Pursuant to § 4–2–401(2), C.R.S., title passes to the buyer when the goods are delivered, or at the time of contracting if, as here, the buyer is already in possession of the goods or if no title documents are to be delivered. Section 4–2–401(3)(b), C.R.S. In any event, delivery of a bill of sale passes title pursuant to this section. *See Young v. Golden State Bank*, 39 Colo.App. 45, 560 P.2d 855 (1977).

■ Therefore, title to Arthur's interest in the horse passed from him to Lois when she received the document from him on June 24, 1985, and he had no ownership interest at the time the judgment was entered or the horse was levied upon in execution. The fact that the AQHA registration remained in both names until later had no effect on the horse's ownership. *See Guy Martin Buick, Inc. v. Colorado*

*Springs National Bank,* 32 Colo.App. 235, 511 P.2d 912 (1973), *aff'd,* 184 Colo. 166, 519 P.2d 354 (1974).

Section 13–52–102(1), C.R.S. (1987 Repl.Vol. 6A) states that "all goods and chattels ... of every person against whom any judgment is obtained ... are liable to be sold on execution...." Inherent in that statute is the converse, that personal and real property which is not the property of the judgment debtor is not subject to execution to satisfy the judgment, absent another statute creating liability. No such statute is applicable here. *See Lemmon v. Beattie,* 41 Colo. 68, 91 P. 1102 (1907).

No claim was pleaded or raised by Brink, in the trial court or on appeal, as to the adequacy of the consideration paid by Lois for Arthur's interest or as to this being a transfer with intent to defraud creditors. Therefore, those are not issues properly before this court.

The order is reversed and the cause is remanded with directions to enter an order holding that the horse is not subject to levy under execution and for further proceedings consistent with this opinion.

PLANK and FISCHBACH, JJ., concur.