COMPASS BANK, Defendant–Appellant,

v.

Noelle KONE, Defendant–Appellee.

No. 04CA1914.

Colorado Court of Appeals,
Div. II.

Jan. 12, 2006.

As Modified on Denial of Rehearing
March 16, 2006.

Brown, Berardini & Dunning, P.C., Brian J. Berardini, C. Read Sawczyn, Denver, Colorado, for Defendant–Appellant.

Esbenshade Law Firm, LLC, William D. Esbenshade, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

In this interpleader action, defendant Compass Bank appeals an order granting summary judgment to defendant Noelle Kone and ordering that Kone is entitled to interpleaded funds deposited with the clerk of the district court by plaintiff, Zions Credit Corporation. We affirm.

In 2000, Blake Street Steel, Inc. executed and delivered to Zions a promissory note and security agreement, by which Blake Street pledged to Zions a security interest in certain equipment owned by the company.

In June 2001, Kone entered into a Stock Redemption Agreement (SRA) with Blake Street and two individuals, by which Kone agreed to allow Blake Street to redeem 510 shares of stock owned by her. In return, Kone received cash and a promissory note totaling $82,687.27 and Blake Street's agreement to enter into an Undertaking. The Undertaking provided that the company ratified, affirmed, and undertook sole payment of certain long-term liabilities reflected in the exhibits to the SRA, including a promissory note between William Guyer as lender and Blake Street and James Kone (Kone's husband) as borrowers. In the SRA, the two individuals, who were officers of Blake Street, personally guaranteed payment of the long-term liabilities and held James Kone and Noelle Kone harmless from damages resulting from a failure to pay any of the liabilities.

Further, section 5.4 of the SRA provided as follows:

> [Blake Street] shall ratify and affirm the Long–Term Liabilities by means of an Undertaking, a copy of which is attached hereto as Exhibit E–1, which Undertaking shall be secured by means of a Security Agreement, attached as Exhibit E–2, and Financing Statement, attached as Exhibit E–3.

The SRA and all exhibits were executed at the June 2001 closing. The document entitled "Security Agreement," Exhibit E–2, did not provide a description of the collateral, but the document entitled "Colorado UCC–1 Financing Statement," Exhibit E–3, described the collateral as fixtures, equipment, and inventory. The Financing Statement was filed with the Colorado Secretary of State in August 2001.

In September 2001, Blake Street entered into two promissory notes with Compass Bank, both of which were secured by a security agreement, which in turn recited that Blake Street pledged all its business assets to Compass Bank to secure repayment of the notes. Compass Bank also filed a financing statement with the secretary of state in September 2001. Blake Street subsequently defaulted on its obligations to Compass Bank.

Blake Street also defaulted on the note to Zions, which then foreclosed on its security interest and sold the equipment. After application of the net sales proceeds to the debt from Blake Street to Zions, there were excess sales proceeds of $18,584.38.

Zions subsequently filed this interpleader action and deposited the $18,584.38 excess sale proceeds with the clerk of the district court. Although it was named as a defendant, Blake Street did not appear in the action or otherwise assert that it was entitled to the excess sales proceeds. Both Compass Bank and Noelle Kone claimed the interpleaded funds pursuant to their respective security interests.

Thereafter, Kone and Compass Bank each filed a motion for summary judgment, supported by affidavits and exhibits. After full

briefing on the motions, the district court entered an order finding that, while both parties had valid and perfected security interests in the interpleaded funds, Kone's security interest was superior and she was thus entitled to the funds. Accordingly, the court granted Kone's motion for summary judgment and denied Compass Bank's motion. This appeal followed.

The validity of Compass Bank's security interest was not contested in the district court, nor is it contested on appeal. The central issue on appeal, as it was in the district court, is whether Kone entered into a valid security agreement to support her claimed security interest in the excess sales proceeds.

■ Summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. We review the grant of a summary judgment motion de novo. *W. Elk Ranch L.L.C. v. United States,* 65 P.3d 479, 481 (Colo.2002).

## I.

Compass Bank contends the district court erred in concluding that Kone has a valid security interest in Blake Street's property. We disagree.

Pursuant to § 4–1–201(37), C.R.S.2005, " '[s]ecurity interest' means an interest in personal property or fixtures that secures payment or performance of an obligation."

As pertinent here, § 4–9–203(b), C.R.S. 2005, provides that a security interest is enforceable with respect to collateral only if:

(1) Value has been given;

(2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and

(3) One of the following conditions is met:

(A) The debtor has authenticated a security agreement that provides a description of the collateral....

Compass Bank contends the district court erred in determining that (1) Kone gave value to support a security interest, and (2) there was an authenticated security agreement that provided a description of the collateral. We reject both contentions.

## A.

Compass first contends Kone did not provide value or consideration to support a security interest in Blake Street's equipment, fixtures, and inventory. We disagree.

■ Under § 4–9–203(b)(1), C.R.S.2005, a security interest is enforceable only if value has been given. A person gives value for rights if he or she acquires them "in return for any consideration sufficient to support a simple contract." Section 4–1–201(44)(d), C.R.S.2005. Consideration may be defined as "a benefit received or something given up as agreed upon between the parties." CJI–Civ. 4th 30:5 (1998); *see Troutman v. Webster,* 82 Colo. 93, 97, 257 P. 262, 264 (1927)(quoting *Jones v. Jones,* 1 Colo.App. 28, 32, 27 P. 85, 86 (1891): "valuable consideration ... may consist either in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered or undertaken by the other"); *Grimes v. Barndollar,* 58 Colo. 421, 437, 148 P. 256, 261 (1914)(quoting *Hendrick v. Lindsay,* 93 U.S. 143, 148–49, 23 L.Ed. 855 (1876): "Any damage or suspension of a right, or possibility of a loss occasioned to the plaintiff by the promise of another, is a sufficient consideration for such promise, and will make it binding, although no actual benefit accrues to the party promising.").

■ Here, Kone agreed to sell her 510 shares of stock to Blake Street, and Blake Street agreed, in return, to assume responsibility, through the Undertaking, to pay the long-term liabilities, including the Guyer promissory note, and to enter into a security agreement with Kone. We conclude these agreements constituted sufficient consideration to support a simple contract. *See* § 4–1–201(44)(d).

We reject Compass Bank's argument that Blake Street did not give any consideration because it was already obligated to pay the long-term liabilities, including the Guyer note. To the contrary, it was undisputed

that, pursuant to the Undertaking, Blake Street agreed to assume sole responsibility for repayment of those obligations and to give up its contractual right to impose liability on James Kone as a co-borrower under the Guyer note. *See Troutman v. Webster, supra.*

Accordingly, we conclude that the district court correctly determined that value had been given, as required by § 4–9–203(b)(1).

### B.

■ Compass Bank next contends that the condition set forth in § 4–9–203(b)(3)(A) was not met because the document entitled "Security Agreement" did not provide a description of the collateral and a description of the collateral contained in a financing statement is not sufficient. Kone argues that the SRA and all its exhibits (including the Undertaking, Security Agreement, and Financing Statement) constitute an integrated, authenticated security agreement sufficient to satisfy the requirements of § 4–9–203(b)(3)(A). We agree with Kone.

Under § 4–9–102(a)(76), C.R.S.2005, a "security agreement" is defined as "an agreement that creates or provides for a security interest." Under § 4–1–201(3), C.R.S.2005, "agreement" means "the bargain of the parties in fact as found in their language or by implication from other circumstances."

■ If the necessary requirements to create a security interest under § 4–9–203 are present in an agreement, the title or form of the agreement is not critical. *H.M.O. Sys., Inc. v. Choicecare Health Servs., Inc.,* 665 P.2d 635, 638 (Colo.App.1983)("Any transaction, regardless of its form, which is intended to create a security interest is subject to Article 9 of the Uniform Commercial Code."). How a transaction is characterized "is not controlling, but rather it is the intention of the parties which is controlling, that intention to be determined by the facts of each case." *H.M.O. Sys., Inc. v. Choicecare Health Servs., Inc., supra,* 665 P.2d at 638; *see also* § 4–1–201(37). For instance, a security interest can be created in an integrated document containing both the security agreement and other contractual terms. *See Coo-*

*per v. First Interstate Bank,* 756 P.2d 1017, 1020 (Colo.App.1988)(note or security agreement should not be severed into two separate documents but was a single, integrated agreement); *Young v. Golden State Bank,* 39 Colo.App. 45, 560 P.2d 855 (1977).

■ Further, where as here, the other requirements for enforcement of a security interest are satisfied, various documents may be considered together, by means of the doctrine of incorporation by reference, to construe the existence of a valid security agreement. *See Pontchartrain State Bank v. Poulson,* 684 F.2d 704, 707 (10th Cir.1982); *In re Numeric Corp.,* 485 F.2d 1328, 1331–32 (1st Cir.1973).

Here, the SRA specifically provided that Blake Street's Undertaking was to be secured by means of a Security Agreement and Financing Statement, both of which were attached to and incorporated in the SRA. Although the document entitled "Security Agreement" did not describe the collateral, it specifically granted Kone a security interest to "secure the performance of the Undertaking." The document entitled "UCC Financing Statement" described the collateral as "fixtures, equipment, inventory." Further, there is no dispute that all the documents involved in the transaction between Blake Street and Kone, including the SRA, Undertaking, Security Agreement, and UCC Financing Statement, were signed and authenticated by Blake Street. *See* § 4–9–102(a)(7), C.R.S.2005.

Under these circumstances, we conclude that the SRA and its various incorporated exhibits constitute an integrated and authenticated security agreement that provided a description of the collateral, thus satisfying the condition set forth in § 4–9–203(b)(3)(A). *See Pontchartrain State Bank v. Poulson, supra.*

Compass Bank relies on *John Boyle & Co. v. Colorado Patio & Awning Co.,* 654 P.2d 335 (Colo.App.1982), for the proposition that a financing statement cannot suffice as a security agreement. However, that case is distinguishable from the circumstances here. In *Boyle,* there was no security agreement signed by the parties, but only a financing

statement and promissory note. On those facts, the division in *Boyle* simply held that a financing statement, by itself, could not suffice as a security agreement. The division did not consider the issue presented here, which is whether a series of related documents can constitute an integrated security agreement, where the collateral is described in the financing agreement. *See In re Numeric Corp., supra,* 485 F.2d at 1332 (although a standard UCC form financing statement by itself cannot be considered a security agreement, an adequate agreement can be found when a financing statement is considered together with other documents).

## II.

Compass Bank also contends that, even if Kone has a valid security interest, she failed to establish that Blake Street defaulted on the Undertaking and that she was required to pay any money to a third party which obligated Blake Street to pay money to her. Accordingly, Compass Bank argues that Kone's receipt of the interpleaded funds provided her with a windfall. We are not persuaded.

Section 4–9–601(a), C.R.S.2005, provides: "After default, a secured party has the rights provided in this part 6 and ... those provided by agreement of the parties." The official comment to that section states that "this [a]rticle leaves to the agreement of the parties the circumstances giving rise to a default." Section 4–9–601(a) cmt. 3, C.R.S. 2005.

Here, the Security Agreement between Blake Street and Kone set forth the circumstances giving rise to a default as follows:

DEBTOR SHALL BE IN DEFAULT under this agreement upon the happening of any of the following events or conditions:

(a) default in the payment or performance of any obligation, covenant or liability contained or referred to herein or in any note evidencing the same;

(b) the making or furnishing of any warranty, representation or statement to Secured Party by or on behalf of Debtor which proves to have been false in any material respect when made or furnished;

(c) loss, theft, damage, destruction, sale or encumbrance of any of the Collateral, or the making of any levy seizure or attachment thereof or thereon;

(d) death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceeding under any bankruptcy or insolvency laws of, by or against Debtor or any guarantor or surety for Debtor.

The Security Agreement further provided that "upon default [Kone] shall have the immediate right to the possession of the collateral."

We agree with Compass Bank that Kone did not establish through affidavits or otherwise that Blake Street defaulted on the Undertaking. Accordingly, Kone was not entitled to rely on subsection (a) of the default provision in the Security Agreement.

■ However, it was undisputed that Blake Street had encumbered its equipment by providing a prior security interest to Zions and that Zions had levied on that collateral and sold it at a foreclosure sale. Accordingly, Blake Street was in default under subsection (c) of the Security Agreement. Pursuant to the parties' agreement, Kone was therefore entitled to immediate possession of the property—here, the remaining proceeds of the foreclosure sale—whether or not Blake Street had defaulted on any of the long-term obligations, including the Guyer note.

Although the district court did not make a specific ruling on this precise contention of Compass Bank, the court decided the issue of Kone's entitlement to the funds as a matter of law and reached the right result. Therefore, we may affirm the judgment on any grounds. *See Biel v. Alcott,* 876 P.2d 60, 63 (Colo.App.1993); *see also Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver,* 15 P.3d 785, 786 (Colo.App.2000)(an appellate court may affirm a correct judgment based on reasoning different from that of the trial court).

Because Kone had a prior perfected security interest supported by consideration, we

thus conclude the district court correctly granted summary judgment in her favor and ordered that she is entitled to the interpleaded proceeds deposited with the clerk of the court.

The judgment is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.